## Ashland Limestone Company v. Wright, et al.

(Decided May 6, 1927.)

### Appeal from Carter Circuit Court.

1. Master and Servant.—Workmen's Compensation Board need not set out the facts in its award where there is no dispute with regard to them, though it should ordinarily do so.

2. Master and Servant.—Where parties in compensation proceeding stipulated that only question to be determined was that of extent and duration of employee's disability, finding of Workmen's Compensation Board that 50 per cent of employee's disability was due to accident complained of, and that they could not determine

whether this impairment was permanent and would leave case open for further observation, held sufficient finding of facts.

3. Master and Servant.—Finding of Workmen's Compensation Board that as a result of accident employee was impaired to the extent of 50 per cent, "which impairment includes the traumatic, neurotic condition," held to mean that employee's disability due to traumatic, neurotic condition amounted to 50 per cent, and not to imply other physical disability for which award of compensation is made.

4. Master and Servant.—In determining the meaning of the Workmen's Compensation Act (Ky. Stats., sections 4880-4987), a liberal construction must be adopted in order to effectuate its purposes.

5. Master and Servant.—Court should not adopt a technical construction of language used by the Workmen's Compensation Board in making its award, which will result in reversing the case.

6. Master and Servant.—Under Ky. Stats., section 4880, providing that "injury by accident as herein defined shall not include diseases except where the disease is the natural and direct result of a traumatic injury by accident," a traumatic, neurotic condition directly resulting from the injury received is compensable.

HOWARD VAN ANTWERP, JR., for appellant.

G. W. E. WOLFFORD for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

This is an appeal from a judgment of the Carter circuit court affirming an award by the Workmen's Compensation Board in favor of appellee Wright.

Appellant operates a rock quarry, and on May 20, 1924, while at work in the quarry, Wright was struck on the head by a heavy stone which fell from a point 10 or 12 feet above him. He received medical treatment and returned to work on June 5 and continued to work until June 14, when he quit, complaining of nervous spells. He was paid compensation until July 12, when the appellant refused to make further payments until appellee should submit to a thorough medical examination in order that his true condition might be determined. Thereafter he agreed to and did accept from appellant's insurance carrier compensation in full settlement for temporary total disability to September 27, 1924. In January, 1925, appellee complained that he was still suffering from the effects of the injury received on May 20, 1924, and, appellant having refused to make further payments, Wright, on April 28, 1925, filed a motion before the compensation board to reopen his claim, alleging mistake

and fraud.    The case was reopened, a hearing was held, and the board made the following award:

> "The board being sufficiently advised and it appearing from the record that the plaintiff and defendant had accepted and were operating together under the compensation law at the time of the accident complained of herein, that the plaintiff's average weekly wage was sufficient to entitle him to the maximum compensation, and that the accident arose out of and in the course of his employment, that as a result of said accident the plaintiff was impaired to the extent of 50 per cent. to the man as a whole, which impairment includes the traumatic neurotic condition as testified by defendant's doctors, and the board being unable to determine whether or not this 50 per cent. impairment is permanent, and it further appearing that the plaintiff has been paid compensation for total disability covering a period of 16 1/7 weeks, which covers, in the judgment of the board, the entire period of total disability due to the accident, it is now ordered and adjudged that the defendant pay to the plaintiff compensation at the rate of $6.00 per week for 50 per cent. impairment, beginning at the end of the disability period and continuing until further orders of the board, and his case is left open for further observation."

Appellant insists that the order and award is not in conformity with the provisions of the Workmen's Compensation Act (Ky. Stats., sections 4880-4987), in that the board failed to make any findings of fact.  Ordinarily, the board in its order should set out its findings of fact, rulings of law, and the award based thereon, but, as frequently happens, there is no dispute as to the facts, and in such a case it is not necessary to set the facts out in the order.  At the hearing of the case, the following agreed stipulation was made by the parties:

> "It is stipulated and agreed that both plaintiff and defendant had accepted the provisions of the Workmen's Compensation Act and were operating thereunder as of the 20th day of May, 1924.  It is agreed that plaintiff's wages were such at the time of the accidental injury to justify the maximum compensation under the act.  The only question to be

determined in this case is that of the extent and duration of plaintiff's disability, it being stipulated and agreed that plaintiff's injury arose out of and in the course of his employment on the 20th day of May, 1924.''

The only question left to be determined by the board was the extent and duration of appellee's disability.

The evidence discloses that appellee is totally disabled, and the board found that 50 per cent. of his impairment is due to the accident complained of, but, being unable to determine whether this impairment is permanent, left the case open for further observation. The board made a finding as to the only questions left for its determination; and there is no conflict in the evidence upon any other question of fact upon which the appellee's right to compensation might depend. In South Mountain Coal Co. v. Haddix, 213 Ky. 568, 281 S. W. 493, relied on by appellant, the board did not separate the results of preexisting disease from those of accidental injury and apportion the award of compensation accordingly. In the instant case, the board, in effect, separated the results of preexisting disease from those of accidental injury, as the evidence discloses that the appellee is totally disabled, and the board found that 50 per cent. of his disability is due to the accident.

It is also insisted for appellant that the language of the award, ''which impairment includes the traumatic, neurotic condition,'' necessarily implies that besides the neurotic condition there is some other physical disability for which an award of compensation is made. While the language used is not as precise as it might have been, it is clearly the meaning of this language that appellee's disability, due to the traumatic neurotic condition, amounted to 50 per cent. To construe the language otherwise would be highly technical, and, as frequently held by this court, the compensation act must be liberally construed in order to effectuate its purposes, and a case should not be reversed on account of technical construction of language used by the board in making its award.

It is also insisted that a traumatic, neurotic condition is not a compensable disability, but that neurosis is a disease. There is evidence by physicians that testified that the neurosis from which appellee is suffering is the direct result of the injury received by him, and this being

true, his condition comes within the exception of section 4880, Kentucky Statutes, wherein it is provided that:

"Injury by accident as herein defined shall not include diseases except where the disease is the natural and direct result of a traumatic injury by accident." In re Hunnewell, 220 Mass. 351, 107 N. E. 934; Schneider on the Law of Workmen's Compensation, vol. 1, page 857.

While there is evidence that appellee is suffering from preexisting disease, it also shows that he had been able to work regularly until the time he received the injury complained of, and since that time he has been totally disabled, and the evidence is ample to sustain the board's finding that an impairment to the extent of 50 per cent. resulted from the injury.

Judgment affirmed.