HANNAH O'MARA, ADMINISTRATRIX AD PROSEQUENDUM, APPELLANT, v. JACOB KIRCH ET AL., RESPONDENTS.

Submitted May 31, 1929—Decided October 14, 1929.

For the appellant, *John J. Fallon, Jr.,* and *Alfred Brenner.*

For the respondents, *Morgan Cowperthwaite, McCarter & English* and *Augustus C. Studer, Jr.*

The opinion of the court was delivered by

BLACK, J. This suit was brought to recover damages under the Death act. The complaint consists of five counts. The substance of the charge in the complaint is that Terrence O'Mara, the plaintiff's intestate, was killed on Sunday, August 10th, 1924. He was riding in an automobile driven by the defendant Morgan Cowperthwaite's chauffeur, William E. Douglass. He was on his way to church, when struck by an automobile driven by the fourth defendant, Max Shabshelowitz. At the time Terrence O'Mara was killed, the automobile in which he was riding was just coming out of Morgan Cowperthwaite's place at Far Hills, at a point where Morgan Cowperthwaite's private driveway was crossed by a dirt road, which the public used. It was contended by the defendant Morgan Cowperthwaite that Terrence O'Mara, the deceased, met his death from injuries arising out of and in the course of his employment. On this ground, the motion for the direction of a verdict in his favor was granted by the trial court. This is the error assigned as the only ground of appeal.

The pertinent testimony in the record, on which the ruling of the trial court was based, is as follows: The defendant's coachman, William E. Douglass, testified: "*Q.* What did Mr. Cowperthwaite say? *A.* he said that Mr. O'Mara, that he had a new coachman coming, which seemed to be a very nice man he says he wants to go to church Sundays. He said 'you will have to take him when you go down Sunday morning to get the papers, leave him at the church, pick him up on your way back, he and the family.' *Q.* On Sunday prior to August 10th, 1924, had you taken Mr. O'Mara to church each Sunday? *A.* Yes, sir."

"*Q.* When was this talk you say you had with Mr. Cowperthwaite sometime before Mr. O'Mara came to work there? *A.* Two weeks before he came there." Hannah O'Mara testified: "*Q.* You said [*i. e.,* the defendant Morgan Cowperthwaite] wasn't it part of his day's work to go to church, you say? *A.* Yes, sir. *Q.* He said, 'there may be something in that? *A.* Yes, sir.' *Q.* He would not have taken the job if I had not promised to send him to church? *A.* Yes, sir."

The problem presented to us for solution is to find or delimit the bounds of the Workmen's Compensation statute. This is not an easy task. It cannot be marked or defined by any formal rule. It must be fixed by concrete cases, as they arise. Some are within and some just outside of the bounds or lines of the statute. It was said, in the case of *Mayor, &c., of Jersey City* v. *Borst,* 90 *N. J. L.* 454, that the Workmen's Compensation statute is a remedial law of prime import. It should be liberally and broadly construed. *Fisher* v. *Tidewater Building Co.,* 96 *N. J. L.* 103; *affirmed,* 97 *Id.* 324.

There are many cases in the books and we have several in our reports marking the point at which a person who has been injured, whilst away from his actual place of work, having left that place, an accident occurs, the accident is held to have arisen "out of" as well as "in the course of" the employment, bringing the case within the bounds of the Workmen's Compensation statute. Thus, in *Fisher* v. *Tidewater Building Co., supra,* a workman was killed some distance from the place of his employment, while boarding a train on which the employer furnished free transportation, from the place of employment to the workman's home.

So, in the case of *Ramsey* v. *Leahey,* 102 *N. J. L.* 513; *affirmed,* 103 *Id.* 501, a captain of a coal barge was required by the conditions of his employment to supply his own food, and to that end, it was necessary that he should leave the barge, where his duty was continuous, and go ashore to buy such food. On the occasion in question he had gone ashore for this purpose and while returning to the barge by the usual route was injured at a railroad crossing, it was held, the accident arose out of and in the course of the employment.

So, in the case of *Bolos* v. *Trenton Fire Clay, &c., Co.*, 102 *N. J. L.* 479; *affirmed*, 103 *Id.* 483; *Soden* v. *Public Service Transportation Co.*, 134 *Atl. Rep.* 560; 4 *N. J. Mis. R.* 817; *affirmed*, 103 *N. J. L.* 713; in that case, the injured employe with others had gone to view an accident at a place approximately a mile distant from the garage, where the employes started on their scheduled trips, the employes being bus drivers in the employ of the defendant. Cases falling outside of the Workmen's Compensation statute are *Schmoll* v. *Weisbrod, &c., Co.*, 89 *Id.* 150; *Walther* v. *American Paper Co.*, 89 *Id.* 732; *Hulley* v. *Moosbrugger*, 88 *Id.* 161; *reversing*, 87 *Id.* 103; in the latter case, the injury to the employe was the result of horse-play or sky-larking.

In the English reports there is a case, which we think is directly in point, supporting the ruling of the trial court, viz., *Richards* v. *Morris L. R.*, 1915, 1 *Kings Bench* 221. In that case a workman was employed as a farm laborer, on the island of Ramsay, at yearly wages and board and lodgings. It was part of his contract of service that he should be allowed at reasonable hours to cross to the mainland to visit his wife, and be taken across in his employer's boat for that purpose. He met with an accident on Sunday, whilst in the boat on his way home, from the effects of which he died. It was held that the accident arose "out of" as well as "in the course of" the employment, and that his widow was entitled to compensation under the Workmen's Compensation act.

The appellant argues in the brief, that as O'Mara was killed on Sunday and because some of his work was to be performed on Sunday, compensation could not be awarded under the Workmen's Compensation statute, invoking as authority therefor the Vice and Immorality act, with reference to Sunday labor or travel. 4 *Comp Stat.* 5712, § 1. But that act expressly provides: "provided always, that no person going to or returning from any church or place of worship, within a distance of twenty miles, &c., * * *" shall be considered as traveling "within the meaning of this act." Hence, the statute has no application to this case.

Finding no error in the record, the judgment of the Supreme Court is therefore affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, KALISCH, BLACK, CAMPBELL, LLOYD, CASE, BODINE, WHITE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ. 16.

*For reversal*—None.