## Fordson Coal Company v. Alsobrook et al.

(Decided March 25, 1930.)

794

J. G. BRUCE and C. K. CALVERT for appellant.

J. B. SNYDER and H. F. WHITE for appellee.

Opinion of the Court by Commissioner Stanley—
Affirming.

The appellee, Gordon Alsobrook, a miner, had his foot mashed by falling slate in appellant's mine January 11, 1927, and was sent to a hospital by the employer. The injury resulted in the amputation of his great toe and a portion of his third toe on the left foot and ankylosis in the others. Proceedings were seasonably instituted before the Workmen's Compensation Board for compensation. It was stipulated that the employee's wages were sufficient to justify maximum compensation, and that the only question to be determined was the extent and duration of his disability as a result of the injury.

The appellant interposed before the board a special plea alleging, in substance, these facts: That, after the employee was placed in the hospital, he had been forcibly removed on February 2d by two men, who claimed to be officers of the law, for the purpose of extraditing him to Georgia. He was, however, returned to the hospital and released by them. Subsequently he filed a suit for damages against these two men, alleging in his petition that at the time he was in such a weakened, nervous, and excited condition, brought on and caused by the wrongful acts of those defendants, that he suffered great pain from his wounds and injury to his foot, was caused to have a high temperature and rapid pulse, and that his

removal from the hospital greatly aggravated and increased the extent and duration of the injury which he had sustained in the mine. In the special plea it was alleged the employee's injuries had been aggravated and his experience brought about the conditions; that nothing should be allowed by the board therefor; and further that, having elected to seek recourse against those wrongdoers, the employer, under section 4890 of the Statutes, had the right to be subrogated to the default judgment which be obtained against them. The board overruled this special plea, but evidence was heard as to the claimed effect of the experience.

The company is maintaining that this was a proper plea and the board had no right to take into consideration the aggravation of the employee's injuries caused by this experience. It is claimed that this act of the wrongdoers made a separate and distinct injury from that done by the accident, and accordingly that the employer is not to be held accountable for the act of the third person. All of these points may for the purpose of this decision be held to be well taken; but the appellant is confronted with the insurmountable argument that under the law these injuries could not be considered by the board and that as a matter of fact the award discloses they were not so considered.

The statute (section 4899) classifies loss of toes as permanent partial disability; it being provided that for the loss of the great toe there may be allowed 65 per cent. of the average weekly wages during 30 weeks, for the loss of two-thirds or more of another toe compensation shall be allowed for the average weekly wages during 10 weeks, and that the loss of less than two thirds of any toe shall be considered equal to the loss of one-half toe. It is further provided: "In all other cases of permanent partial disability, including any disfigurement which will impair the future usefulness of occupational opportunities of the injured employee, compensation shall be determined according to the percentage of disability," etc. The compensation for these disabilities shall not exceed a period of 335 weeks nor a maximum sum of $4,000.

Section 4897 of the Statutes provides for compensation for total disability for such period as it may continue but not longer than 8 years after the date of the injury. Where compensation has been allowed for this character of disability, it shall be deducted from the

maximum period for which compensation is allowed on account of permanent partial disability. The maximum for temporary total disability is 30 weeks. For permanent partial disability less the time representing temporary total disability, the maximum is 335 weeks.

The testimony before the board was that in addition to losing his two toes by amputation, as above stated, others were mashed and broken, resulting in their being stiffened and drawn under the foot and producing a pronounced limp in walking; that he was confined for 41 days in the hospital, was discharged by the doctors after 31 weeks of treatment, and was unable to work for 10 months.

The board allowed compensation for 30 weeks on account of temporary total disability, and 335 weeks less 30 for permanent partial disability. It appears, therefore, that the compensation awarded was within the statute for the loss of these members and other permanent injuries, and that nothing was allowed for any aggravation of the injuries sustained by reason of his experiences in being taken out of the hospital.

It is further claimed by the appellant that, under section 4933 of the Statutes, the board should have filed a statement of its findings of fact and its rulings of law separately. This is an important matter where it would be difficult to determine the basis of the ultimate decision of the board; that is to say, where it is not certain what the findings of facts were. In this instance that difficulty does not exist, since all the facts were stipulated except the extent and duration of the injuries, and on that subject there was no conflict in the evidence. The physicians were clear that the results were due solely to injuries sustained. And it is apparent from the award that only the statutory allowances were made for injuries received in the course of his employment and arising out of it. See Ashland Limestone Co. v. Wright, 219 Ky. 691, 294 S. W. 159.

The evidence submitted to the board fully sustains its decision, and the lower court properly approved the award.

The judgment is therefore affirmed.