MARGARET GRANT, RESPONDENT, v. METROPOLITAN ICE COMPANY, APPELLANT.

Submitted October 30, 1931—Decided February 1, 1932.

For the appellant, *Coult, Satz & Tomlinson.*

For the respondent, *Samuel Greenstone.*

The opinion of the court was delivered by

HETFIELD, J. This is an appeal from a judgment of the Supreme Court, affirming a judgment of the Essex County

Court of Common Pleas, which sustained an award made by the workmen's compensation bureau to the petitioner, Margaret Grant, widow of the decedent, John Grant, and to Dorothy Grant, a minor daughter of said deceased.

The facts, which can be reasonably inferred from the proofs submitted, show that the decedent entered the employ of the appellant on March 30th, 1925, in the capacity of night engineer, and on May 15th, following, while engaged in the regular course of his employment, fell from a ladder sustaining injuries to his back and chest, which aggravated a tubercular condition, causing tubercular meningitis, resulting in his death on December 10th, of the same year.

The appellant contends, that because the Supreme Court, in its opinion, did not indicate that it had passed on the question of whether there was competent proof that the death of decedent was in fact the result of the injury sustained, said tribunal could not have considered or determined that branch of the case; and it is now argued that this fact has not been legally established. We think that the facts and circumstances, as presented by the record, are sufficient to justify the inference that while the decedent had been suffering from tuberculosis prior to his entering the employ of the appellant, the disease was quiescent and inactive, and by reason of the injuries caused by the fall, the tubercular condition was reactivated, and as a consequence death resulted.

This court will only consider matters of proof when there is no evidence whatever to justify the finding of the Supreme Court; and as there is ample evidence in the present case, to support the conclusion that the accident in question arose out of and in the course of the decedent's employment, and that his death occurred by reason of the tubercular condition being awakened and aggravated by the fall, the judgment will be affirmed.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, LLOYD, CASE, DALY, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, KERNEY, JJ. 12.

*For reversal*—None.