ETHEL SIGLEY, PETITIONER-RESPONDENT, v. MARATHON RAZOR BLADE COMPANY, INCORPORATED, RESPONDENT-APPELLANT.

Submitted February 17, 1933—Decided May 24, 1933.

For the appellant, *Joseph C. Paul.*

For the respondent, *Skeffington, Walker & Corrigan.*

The opinion of the court was delivered by

HEHER, J. Respondent, an employe of appellant, suffered personal injuries from an accident which arose out of and in the course of her employment. While sharpening safety razor blades, pieces of a broken blade, propelled from a machine employed in the sharpening process, struck her right eye and nose, and as a result the sight of the eye was destroyed. She also sustained an injury to the right arm and the little and ring fingers of the right hand, the nature and extent of which are not disclosed. She was awarded compensation for the total loss of the eye, as prescribed by paragraph 11 (s) of the Workmen's Compensation act, as amended (*Pamph. L.* 1928, *p.* 281), and ten per cent. of total per-

manent disability for impairment due to neurosis. It is conceded that there was evidence to sustain the finding that this neurotic condition was the result of the accident, but appellant insists that it is a disability incident to the loss of the eye, and that compensation therefor is included in that prescribed by paragraph 11 for the loss of the member.

Respondent suffered an extensive horizontal laceration of the cornea, and a surgical operation was required. In addition, she sustained the stated injuries of the nose, the right arm and fingers of the right hand, with a consequent swelling of the arm. A medical examination disclosed some tremors and a marked general hyper-reflexia and unsteadiness in station. She lost weight and was subject to fainting spells. The subjective symptoms were pains in her arms and right hand, weakness of the latter member, and headaches, vertigo, insomnia and somnambulism. She was "constantly apprehensive."

There is a substantial basis in the evidence for a finding that the physical injuries, other than the laceration of the eye, contributed to respondent's neurotic condition. Further, she had had marital difficulties, and her physician testified that as a result "she was a fertile ground for her psychoneurosis, and even though the trauma initiated and precipitated it, the marital condition would be operative." The physician, an expert neurologist, further testified that "trauma was unquestionably the exciting and precipitating cause (of the neurosis); no doubt about that;" and that "superimposed phycho-neurosis certainly adds to that disability (that resulting from loss of vision.)" He estimated the disability resulting from traumatic neurosis alone at fifteen to twenty per cent. of total. The deputy commissioner found that the accident was the exciting cause of the neurosis.

The question here presented is one of statutory construction, and must be resolved in favor of respondent. Whether a neurosis is of functional origin, or has an organic or structural basis, if it results from injury arising out of and in the course of the employment, and produces disability, it is compensable.

Paragraph 7 of section 2 of the Workmen's Compensation act (2 *Cum. Supp. Comp. Stat., p.* 3870) requires the employer to make "compensation for personal injuries" to an employe "by accident arising out of and in the course of his employment." Paragraph 11 of the act, as amended (*Pamph. L.* 1928, *p.* 281) provides · (c) that for disability partial in character, but permanent in quality, the compensation shall be based upon the extent of such disability; (s) that for the loss of an eye, compensation shall be made as therein specified; and (w) that "in all lesser or other cases involving permanent loss, or where the usefulness of a member or any physical function is permanently impaired, * * * the duration of compensation shall bear such relation to the specific periods of time stated in the above schedule as the disabilities bear to those produced by the injuries named in the schedule."

The manifest legislative purpose was to provide compensation for disability resulting from personal injuries to an employe by accident arising out of and in the course of the employment. In jurisdictions having similar statutory provisions, neurosis is classified as a compensable injury, if disability follows. *In re Hunnewell,* 220 *Mass.* 351; 107 *N. E. Rep.* 934; *Lee* v. *Employers' Liability Assurance Corp.,* 2 *Mass. Workm. Comp. Com.* 753; *Ashland Limestone Co.* v. *Wright,* 219 *Ky.* 691; 294 *S. W. Rep.* 159; *Carter Oil Co.* v. *Gibson,* 34 *Wyo.* 53; 241 *Pac. Rep.* 219; *Rialto Lead and Zinc Co.* v. *State Ind. Com.,* 112 *Okla.* 101; 240 *Pac. Rep.* 96; *Welchlin* v. *Fairmont Railway Motors,* 180 *Minn.* 411; 230 *N. W. Rep.* 897; *Rollnik* v. *Lankershim,* 1 *Cal. I. A. C.* 45; *Intorigne* v. *Smith & Cooley,* 1 *Conn. Comp.* 228. A like rule obtains in England. *Eaves* v. *Blaenclydach Colliery Co.* (1909), 2 *K. B.* 73; 2 *B. W. C. C.* 329; *Wall* v. *Steel,* 8 *B. W. C. C.* 136; 112 *L. T. Rep.* (*N. S.*) 846; *Morris* v. *Turford,* 6 *B. W. C. C.* 606; *Yates* v. *South Kirby Featherstone and Hemsworth Colliery, Ltd.* (1910), 2 *K. B.* 538. In the last cited case it was held that a nervous shock sustained by a workman, due to excitement and alarm resulting from a fatal accident to a fellow employe, was an

accidental and compensable injury. The part of the human body that has been made incapable of its normal function and use, as the result of an accident, is certainly "injured," according to the common understanding of men. *Burns' Case,* 218 *Mass.* 8; 105 *N. E. Rep.* 601.

Appellant argues that, even so, the neurosis was an incident of the loss of vision, and the resultant disability is fully compensated by the allowance prescribed by paragraph 11 (s) for the loss of an eye. This argument rests upon a false premise. There was testimony that this condition frequently results from the loss of vision, due to trauma, but there was no proof that it is *ex necessitate* a concomitant or consequent thereof. Furthermore, there was testimony tending to show that the other physical injuries contributed to the neurosis. It was fairly inferable that an injury of sufficient severity to lacerate the cornea, and destroy sight, would directly shock the nervous system, and produce neurosis. In addition, her marital trouble predisposed her to neurosis. There may be predisposing factors, such as constitutional makeup or marital or other difficulties, but the resultant condition is traumatic neurosis nevertheless. The accident is the exciting cause, which precipitates the nervous symptoms in such cases. In a legal sense the accident was the cause of the injury. *New York Live Poultry Trucking Co.* v. *Schwartz,* 5 *N. J. Mis. R.* 178; 135 *Atl. Rep.* 775; *affirmed,* 104 *N. J. L.* 180; 139 *Atl. Rep.* 923; *Grant* v. *Metropolitan Ice Co.,* 108 *N. J. L.* 536; 158 *Atl. Rep.* 431.

But assuming, as appellant contends, that the evidence established that this condition resulted solely from the loss of vision, the consequent disability is nevertheless compensable. They were separate and independent injuries. The fact that each injury resulted from one accident did not make of these a single injury. They were cumulative disabilities distinct in their nature.

In *Saddlemire* v. *American Bridge Co.,* 110 *Atl. Rep.* 63, the Supreme Court of Connecticut held that where, in consequence of the amputation of one leg, the other leg became infected, resulting in phlebitis and the loss of the use of

such other leg, compensation may be had under the Workmen's Compensation act for the loss of both legs. Mr. Justice Wheeler held that "where, in consequence of the amputation, injuries result which are distinguishable from those immediate results of the amputated limb, for example, if a nervous disorder ensue, or blood poisoning set in, or a phlebitis develops, affections such as these were not intended by the Compensation act to be compensated in the loss of this member."

In *Stefan* v. *Red Star Mill and Elevator Co.*, 106 *Kan.* 369; 187 *Pac. Rep.* 861, the Supreme Court of Kansas, in dealing with a somewhat similar case, said: "Paragraph 23 clearly means that the compensation allowed for specific injury is in lieu of all other compensation for those injuries. The legislature evidently believed the loss of a specific member or organ deserved the compensation stated, whatever else occurred. If, however, additional injury should increase the workmen's partial disability, either permanently or temporarily, he should receive additional compensation." Such is the case here. Subdivisions (c) to (v) of paragraph 11 provide compensation for specified injuries, resulting in the loss of a member or function. Subdivision (w) requires compensation in all lesser or other cases involving permanent loss, or where the usefulness of a member or a physical function is permanently impaired. These are separate and distinct classes of partial incapacity. There is nothing in the act which prevents compensation for two or more of the injuries specifically provided for. As was said by Mr. Justice Wheeler in *Franko* v. *William Schollhorn Co. (Conn.)*, 104 *Atl. Rep.* 485, in discussing the effect of a clause in the Connecticut statute providing that compensation for the named injuries shall be in lieu of all other payments: "This refers to payments for the named injuries. As to these the compensation designated is exclusive. But this does not limit the award to any one of the compensations provided for the named injuries; nor does it purport to be in lieu of payments made for injuries resulting in partial incapacity not among these named injuries. And since these are a distinct class of in-

juries resulting in partial incapacity, the compensaton provided for these specific injuries cannot and does not cover them. It is exclusive of any other payment by way of compensation for the injuries specifically designated."

The compensation provided by subdivison (s) of paragraph 11 is for the loss of an eye. It is in full for such specific injury. But this provision compensates for the disability resulting from the loss of the eye only. If there is an additional and independent injury which produces disability, it is compensable, even though it is a consequence of the loss of the eye. It is an independent injury that produces its own disability, separate and distinct from that resulting from the loss of the member. If there is bodily injury combined with a neurosis, or the neurosis supervenes upon the physical ailment, such disability is compensable. This is a construction consistent with the spirit of the act.

The construction contended for by appellant, carried to its logical conclusion, would deny compensation for the loss of both eyes, if the sight of the left eye were destroyed as the result of a sympathetic ophthalmia, consequent upon the traumatic injury to the right eye. There was testimony that this is frequently the result of such injuries, and in the instant case respondent was advised by a physician to have the injured eye removed so as to avoid total blindness. The loss of the left eye from sympathetic affection, if that eventuated, would be a mere incident of the injury to the right eye. And there could be no recovery for the disability resulting from the consequent neurosis, even though, in its paralysis of bodily function, it was a disability that far exceeded the loss of an eye in its disastrous consequences to the victim. This was clearly not the legislative purpose. The statute should be reasonably interpreted to effectuate its beneficent purposes, and a construction that leads to a harsh, unjust and unreasonable result should be avoided. It is remedial in its nature, and should be liberally and broadly construed. *Combination Rubber Mfg. Co. v. Obser,* 95 *N. J. L.* 43; 115 *Atl. Rep.* 138; *affirmed,* 96 *N. J. L.* 544; *Fisher* v. *Tidewater Building Co.,* 96 *Id.* 103; 114 *Atl.*

*Rep.* 150; *affirmed,* 97 *N. J. L.* 324; 116 *Atl. Rep.* 924; *O'Mara* v. *Kirch,* 106 *N. J. L.* 151; 147 *Atl. Rep.* 511.

Judgment affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, BODINE, HEHER, VAN BUSKIRK, KAYS, DEAR, DILL, JJ.   8.

*For reversal*—PARKER, CASE, HETFIELD, WELLS, JJ.   4.