MORRIS COUNTY COMMON PLEAS COURT.

BLANCHE BARKMAN, PETITIONER-APPELLANT, v. ABE MEYER, RESPONDENT-APPELLEE.

Decided February 23, 1934.

For the petitioner-appellee, *King & Vogl* (*Elmer King*).

For the respondent-appellant, *Reginald V. Spell*.

HOLLAND, J.   John Barkman had been employed for five years or more as a dairyman on the appellant's farm in Chester; he worked from half past four in the morning to five or six o'clock in the afternoon. Each morning at seven o'clock, after milking cows and doing farm work, he went for breakfast to his home about half a mile beyond the appellant's property; sometimes he rode home on the truck of his employer, and sometimes he walked home along the public road. Each morning he took home with him as part of his employment, two or three regular dairy pails to be washed and cleaned at his home, which pails were to be returned to the farm later in the day for further milking use, and also took with him five quarts of milk as a part of his compensation; each morning after breakfast he walked back to the farm along the public road.   On the morning in question he followed the usual work and breakfast routine, and while walking on the public highway back to the farm after breakfast, was accidently struck by an automobile owned and operated by a third person, and soon thereafter died.

In the hearing had before the workmen's compensation bureau, compensation was awarded to the widow and children.

An appeal is taken from this award, and the appellant contends that the accident did not arise out of and in the course of deceased's employment, arguing first, that the deceased was not on his employer's premises; second, that he was killed by an independent agency on the public highway, and third, that he was engaged in no work for his employer.

The first and second points are disposed of by the decision in the case of *Zabriskie* v. *Erie Railroad Co.*, 86 *N. J. L.* 266; 92 *Atl. Rep.* 385. The decedent in that case was struck by an automobile on a public street and thrown or carried over on a railroad track where he was again struck by a north-bound train, and the court held:

"The difficulty in the case arises from the fact that the place where the deceased was struck was a public street, and that he was struck by an independent agency, to wit, an automobile driven by a stranger and lawfully in said street. Hence it is argued the deceased was not and could not have been injured by any cause for which the master was responsible, or to which he was subjected by the conditions of his employment. But we consider this argument also to be without support. It is not only conceivable, but it is a matter of daily occurrence that employes are required to do their work under conditions which render them liable to injury by outside agencies."

Similar rulings have been adopted in many other cases. *Newark Paving Co.* v. *Klotz*, 85 *N. J. L.* 432; 91 *Atl. Rep.* 91; *Bolos* v. *Trenton Fire Clay and Porcelain Co.*, 102 *N. J. L.* 479; *Ramsey* v. *Leahey, Ibid.* 513; 134 *Atl. Rep.* 919.

The contention made in the third point, that the decedent was engaged in no work for his employer, cannot be sustained. It was undisputed that one of the obligations of the deceased's employment was to take home with him after each morning's milking two or three regular dairy pails to be washed and cleaned at his home; on the fatal morning he carried home with him besides his five quarts of milk two regualr dairy pails to be so washed and cleaned. This service to the master had nothing to do with, and is not to be confused with, the carrying home of the five quarts of milk allowed the deceased as a part of his compensation. The

washing and cleaning of the milk pails at home, whether done by the deceased or his wife, was a necessary and essential duty to be performed as a part of the contract of employment; and since he was thus obliged to carry these pails to his home, the deceased was necessarily engaged in the service of his employer in both going home and coming back, whether riding or walking, whether he carried his milk (or money) compensation with him or not.

The case at bar is distinguished from the case of *Palacomo* v. *Garfield,* 8 *N. J. Mis. R.* 757, which is urged by the appellant in support of his third contention. In that case, during the lunch and recreation hour which was allowed by the rules of the employer, the workingman was entirely free, was permitted to go wherever he wanted to and had no obligation, duty or service of any kind to be performed so far as his employment was concerned; and the deputy commissioner held that the contract of employment was temporarily suspended. In the instant case, while the physical labor of milking cows and doing farm work temporarily abated, the decedent was, nevertheless, under the duty to render another service to his master in connection with the washing of the dairy pails, and the contract of employment thereby continued on in full force.

In *Rachels* v. *Pepoon,* 5 *N. J. Mis. R.* 122; 135 *Atl. Rep.* 684; affirmed by the Court of Errors and Appeals, 104 *N. J. L.* 183; 139 *Atl. Rep.* 923, the court held in a case where the working man was injured while en route from Passaic to Hoboken, where the work was actually located, that the accident causing the injuries arose out of and in the course of his employment, and said:

"Under the facts in this case, we think his service began when he left Passaic and proceeded toward Hoboken. While his actual work began in the latter place, yet to reach there was an act within and necessary in his service toward his employer."

In *O'Mara* v. *Kirch,* 106 *N. J. L.* 151; 147 *Atl. Rep.* 511, it was held that the death of the decedent, who was employed as a groom and caretaker with an agreement to be trans-

ported to and from church on Sundays as a part of his compensation, and who on a Sunday was killed in an automobile collision, was caused by an accident which arose out of, as well as in the course of the employment, and the court cited with approval the English case of *Richards* v. *Morris, L. R.* (1915) 1 *K. B.* 221, in which a similar rule was adopted.

Under the Workmen's Compensation act a working man is not required to be physically engaged in actual labor for his employer in order to come within the provisions of the act, as contended in the third point; the courts have held it to be sufficient, if, as in this case, he was in the service of his employer; if, as here, the accident arose out of and in the course of the employment. *Byrant* v. *Fissell*, 84 *N. J. L.* 72; 86 *Atl. Rep.* 458.

The judgment below is affirmed, with costs.