## Powell v. Winchester Garment Co. et al.

January 20, 1950.

W. J. Baxter, Judge.

Rodney Haggard and Allen Prewit, for appellant.

Jouett & Logan and D. L. Pendleton for appellees.

JUDGE LATIMER—Affirming.

Appellant, Miss Stanley Powell, an employee of appellee, Winchester Garment Company, upon leaving

the plant, slipped on icy steps leading from the plant and fell from the top step to the next landing. At the time of the accident she was 37 years of age. She was a large woman weighing about 235 pounds. The best description of the immediate results of the fall is found in the words of appellant: "I struck my head on the pipe that was driven in the ground to protect the ground. The best I know—it injured my neck. I fell with my body in a twist. I struck my right leg above the ankle on the lower step as I fell. The ice, I hit the ice. My body was in a twist. When I first recognized my condition my body was in a twist. I hurt my head, neck, right shoulder and back. I started to raise up. I had misery in my back. I had bruises from above my kneecap to the bottom of my foot. I had twisted myself. Sore, misery all through me, all over, when I first got up."

The accident occurred on December 29, 1944. It appears from that date until April 30, 1945, or for a period of 16 weeks, she was temporarily totally disabled and, pursuant to agreement approved by the Workmen's Compensation Board, she was paid $14.65 per week throughout that period, at the end of which payments were stopped. On November 15, 1945, she filed application for adjustment of claim with the Workmen's Compensation Board, the issue appearing to be only the extent and duration of her disability. The Referee found:

"That as a result of said injury the plaintiff was temporarily totally disabled and was paid for 16 weeks at the rate of $14.65 per week to April 30, 1945.

"That following this time the plaintiff was not suffering from any disability resulting from the injury received on December 29, 1944."

He allowed her medical expenses not exceeding $200.

The Full Board on Review affirmed the Referee's findings. The Clark Circuit Court affirmed the findings of the Referee and Board, from which Miss Powell prosecutes this appeal.

Appellant takes the position that, although styled a finding of fact, such finding upon an undisputed mat-

ter is a reviewable finding of law. Numerous cases are cited in support of that position, all of which lay down that principle, and with which we are entirely in agreement.

Appellee takes the position that the Board's finding of fact is not an undisputed matter but, on the other hand, is based upon contradictory evidence.

The record will disclose which of these two positions is correct. An examination thereof shows that the only undisputed fact is that the claimant is suffering with some sort of disorder or disability. She claims a sort of stomach nervousness which makes her nauseated to exhaustion; that she is unable to sleep well and suffers constant pain. Appellees' medical witnesses designate this psychoneurosis. The question then which we must determine is whether or not this condition was a result of the injury occasioned by the fall.

Appellant particularly and justifiably complains of this language found in the Referee's opinion: "* * * In view of the lack of objective findings to show any disability, it is the opinion of the Board that the plaintiff was not suffering any disability as a result of injuries received on December 29, 1944, while working as an employee of the defendant."

It is insisted that this language is the equivalent of saying that injuries and disability may not exist without objective findings; whereas, this Court has held the converse to be true. See Ashland Limestone Co. v. Wright, 219 Ky. 691, 294 S. W. 159, 146 A. L. R. 187.

We think this record shows that there were objective symptoms. Dr. G. W. Wilson, a chiropractor, testified that he X-rayed Miss Powell. To put it substantially in the words of the Referee, he interpreted his X-ray as showing a sacroiliac slip; a severe occipital subluxation causing an impingement of the vagus nerve, resulting in a radiation of pain into the cranium, and causing an anatomical distortion to every organ as far down as the diaphragm; also a prolapse of the transverse colon due to nerve insufficiency caused by impingement at the lateral of the first, second, and third lumbar vertebrae.

Dr. Guerrant, witness for appellees, in reviewing

the accident and complaints of the claimant 6 months after the payments had been stopped, diagnosed as the first cause of plaintiff's condition "strain on the lower lumbar region caused by," in his opinion, "the original injury." Thus, we do see we have some objective symptoms. On the other hand, we have other doctors, interpreting the X-rays taken by Dr. Wilson, who stated that the X-rays revealed no such condition as stated by Dr. Wilson. Thus, we have contradiction in the matter of objective symptoms.

We must yet go further. Is there evidence of substance to show that this neurosis resulted from the injuries occasioned by the fall? On the one hand we have the claimant and many others who testified of claimant's condition before and after the accident. Their testimony shows that before the accident claimant worked uninterruptedly, but since the accident she has been unable to work. On the other hand, we have the very strong testimony of Dr. Stoeckinger who stated positively that there was no connection between the injuries formerly received and her present neurosis; that her condition was due entirely to her own mental state and not to any injuries received while employed by appellee. It is not necessary to go further since this is evidence of substance.

The Referee, after hearing all the evidence, decided that Dr. Stoeckinger's testimony most nearly arrives at the true facts in the case, and found accordingly.

Under the controlling rule, as enunciated many times heretofore, that where there is evidence of substance to support the finding of facts, we will not reverse.

The judgment is affirmed.