In the Matter of the Claim of JOHN GRIFFITHS, Respondent, against ROBERT H. SHAFFREY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board. Since a third-party recovery exceeded the amount of all disability claims up to the present time, no compensation award has as yet been made. The only question presented is whether the manic-depressive psychosis from which the claimant is concededly suffering is causally connected with the accidental injuries which he suffered on January 18, 1945, when a coal truck on which he was serving as a helper was struck by a railroad train in a grade crossing collision. The claimant suffered a fracture of one of the vertebrae of his spine. He was hospitalized until March 2, 1945; thereafter he received electric treatments for his back until April 30, 1945, when he was "discharged * * * as cured". There was some evidence that his actions at the hospital were peculiar but this evidence was in the form of hearsay and was not supported by any notation in the hospital records. About a month after his discharge from the hospital, the claimant purchased some horses and spent part of his time in plowing victory

gardens in the community. After the collapse of Germany was announced, he proceeded to celebrate the prospective VE day in a wild and overly enthusiastic manner. On May 1, 1945, he placed an orange crate upon his wagon and drove about the streets of Watertown, shouting that he had Hitler's coffin behind him, and he also announced that he would set up a tent in the public square and tether his mare there so that the city folks might have a chance to witness the birth of a foal. He was arrested by the local police; the evidence showed that a great deal of force was used in effecting the arrest and the claimant suffered severe physical injuries in and about his head and face. After a few days in jail, he was transferred to the St. Lawrence State Hospital where he is still confined. His condition has been diagnosed as a manic-depressive psychosis and the prognosis is poor. There is evidence to the effect that prior to the accident the claimant had been normal and healthy and of cheerful disposition. One of the appellants' contentions is that the claimant's mental condition is the result of the physical injuries inflicted by the police. However, the evidence indicated that the mental breakdown had occurred prior to the time of the arrest and was responsible for the conduct which led to the arrest. There was ample justification for the board's rejection of this contention of the appellants. The remaining contention of the appellants is that a manic-depressive psychosis cannot be caused by trauma. The expert called by the claimant agreed that the physical trauma of itself could not cause a manic-depressive psychosis but he gave it as his opinion, well fortified by a reasoned analysis of the case, that the whole complex of psychic factors associated with the accident, including the claimant's worry about his narrow escape from death, his difficulty in adjusting to the hospitalization and to his return home, and the recurring nightmares recalling the circumstances of the accident, contributed to the precipitation of the breakdown. The causal connection between the accident and the psychosis was thus established by the testimony of an eminently qualified specialist, which the board had the right to credit and accept. Decision unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.