**EASTERN COAL CORPORATION,**
Appellant,

v.

**Curtis THACKER et al., Appellees.**

Court of Appeals of Kentucky.

May 11, 1956.

Baird & Hays, Pikeville, for appellant.

Kenneth A. Howe, Pikeville, for appellees.

STEWART, Judge.

This appeal challenges the correctness of a judgment of the Pike Circuit Court in sustaining an award to Curtis Thacker by the Workmen's Compensation Board on his claim filed June 29, 1954. The latter found Thacker suffered physical impairment to the extent of 10 per cent permanent partial disability due to the injuries he received, which are now healed, and the parties hereto do not complain of this finding. Additionally, the Board found Thacker "is presently 100% disabled as a result of neurosis, and same will continue for an indefinite period although this condition is probably not permanent", and made an award accordingly. Appellant vigorously maintains the Board and lower court erred in holding that Thacker is totally disabled by reason of his alleged neurotic condition purportedly arising out of the accident. It is insisted

this finding is not supported by any relevant evidence of a probative and substantial nature.

On August 14, 1953, Thacker, then 43 years of age, while operating a coal loading machine known as a "duck-bill", was injured when a large slab of rock, referred to in the coal mining vernacular as a "kettle bottom", fell from the roof of appellant's mine, struck him on the back and knocked him to the floor of the mine. He was first treated by Doctor I. C. Hanes, an orthopedic surgeon of Williamson, West Virginia, at the Williamson Memorial Hospital where he remained 17 days. This physician testified Thacker fractured the right side of his pelvis, his left fibula and his left foot and ankle. Later, it was discovered three vertebrae in the lumbar region of the back had been injured and had grown together, thus causing arthritic pains and limiting motion in that area. Thacker was discharged to return to work on April 7, 1954, but meanwhile his job had been discontinued because of bad economic conditions which had arisen incident to coal mining, and he was among those included in a layoff of March 31, 1954.

Subsequently, claiming he was suffering from a nervous disorder due to the accident, Thacker was examined and treated by various doctors in West Virginia and Kentucky. On the question as to whether he was the subject of a traumatic neurosis and, if so, whether it was brought on as a consequence of the injury, the medical experts were in wide disagreement. Three psychiatrists diagnosed his mental condition, two of whom advanced the opinion that Thacker had developed a severe emotional disorder as the direct and natural result of his traumatic injury. The Board believed, and we agree, that Thacker's impairment, if such existed, could best be determined by psychiatric study.

Doctor Halbert Leet, a competent psychiatrist of Lexington, examined Thacker on August 16, 1954, and concluded his psychoneurological pattern was initiated by the mine accident and this totally disabled him to the extent he could not return to his

former occupation as a coal miner. On the other hand, Doctor Louis M. Foltz, an equally qualified psychiatrist of Louisville, gave Thacker certain tests on October 15, 1954, and testified his present condition was more of the nature of "a long term character disorder than a neurosis" and therefore concluded that the injuries to his body had not contributed to this state of being. Specifically, it was his view that Thacker was "consciously motivating and utilizing the residuals of his injury of April 14, 1953, for gain, rather than utilizing his capacities to make an adjustment with these residuals."

The record discloses that Thacker, who was in the prime of life at the time of his accident, had worked at hard manual labor all his life and in numerous industries other than the coal mining industry. In this regard a number of lay witnesses who had worked alongside him testified that Thacker prior to the accident and injury was able to and did perform a normal day's work at manual labor in the coal mines. This line of testimony was not rebutted.

The referee found from the evidence that Thacker's neurosis was a proximate result of his physical injuries and that such neurosis was 100% disabling. The full Board, upon its own motion, appointed Doctor A. M. Lyon of Ashland, to evaluate Thacker's neurological condition. In explaining this action it said in its order it was not satisfied with the evidence pertaining to Thacker's mental state. This physician was for many years connected with certain mental institutions of this state and is a recognized specialist in the field of psychiatry. After making a clinical examination and study of Thacker, Doctor Lyon was convinced the patient had sustained irreparable damage to his ego as a result of the injury received from the accident which totally incapacitated him for service as a laborer. Upon the filing of Doctor Lyon's testimony before it the full Board approved the referee's opinion and award. The circuit court affirmed. This appeal followed.

 It is the widely accepted rule that an employee has sustained a compensable injury when he is shown by competent relevant evidence to have a purely mental neurosis which is the proximate result of a physical injury by an accident arising out of and in the course of his employment and which neurosis, through functional disturbances of the nervous system, disables the employee from working at his former occupation. Some decisions from other jurisdictions that adhere to this rule are Bailey v. American General Insurance Co., Tex., 279 S.W.2d 315; Hartman v. Cold Springs Granite Co., 243 Minn. 264, 67 N.W.2d 656; Griffiths v. Shaffrey, 283 App.Div. 839, 129 N.Y.S.2d 74; Simon v. R. H. H. Steel Laundry, Inc., 25 N.J.Super. 50, 95 A.2d 446; Buck & Simmons Auto & Electric Supply Co. v. Kesterson, 194 Tenn. 115, 250 S.W.2d 39. This Court has written, under the authority of KRS 342.005, that a neurotic condition which directly and naturally results from a trauma is compensable. See Old King Mining Co. v. Mullins, Ky., 252 S.W.2d 871; Powell v. Winchester Garment Co., 312 Ky. 38, 226 S.W.2d 341; Ashland Limestone Co. v. Wright, 219 Ky. 691, 294 S.W. 159.

 It is argued, however, the award was based upon evidence of a speculative nature. We do not subscribe to this view. Even a casual reading of the depositions of Doctors Leet and Lyon reveals that each of these witnesses believed and testified unequivocally that Thacker's present neurotic condition had a causal relation to his bodily injuries. It is true the medical evidence was in conflict on this issue, but the Board is the trier of the facts in a case such as this and it must determine the credibility of the witnesses heard and the weight to be given their testimony, and where the testimony of witnesses is competent and sufficient in respect to probative value, an award based thereupon will not be disturbed, even though there be other evidence of a contradictory character. See Blue Diamond Coal Co. v. Neace, 303 Ky. 519, 198 S.W.2d 223; Bell Coal Co. v. Jackson, 298 Ky. 238, 182 S.W.2d 775. If there is competent evidence which is substantial, that is, such relevant evidence as a reasonable mind might accept as adequate to up-

hold a conclusion in support of the Board's award, then the judgment approving the award must be affirmed. See Tackett v. Eastern Coal Corporation, 295 Ky. 422, 174 S.W.2d 707; American Rolling Mill Co. v. Pack, 278 Ky. 175, 128 S.W.2d 187; Atlas Coal Co. v. Nick, 289 Ky. 501, 159 S.W.2d 48.

We conclude the record shows the Board's findings of fact as to the nature and extent of Thacker's injuries, and the award entered thereon, are supported by competent evidence of a probative and substantial nature.

Wherefore, the judgment is affirmed.