**AMERICAN COMPRESSED STEEL CORPORATION, Appellant,**

v.

**Edsel BLANTON et al., Appellees.**

Court of Appeals of Kentucky.

June 1, 1962.

James M. Graves (Boehl, Stopher, Graves & Deindoerfer), Louisville, for appellant.

W. C. Edrington, Louisville, for appellees.

MILLIKEN, Judge.

The Workmen's Compensation Board awarded the appellee, Edsel Blanton, compensation for temporary partial disability (under KRS 342.100) which it found resulted from a right arm injury incurred when his arm was struck below the elbow by one or more edges of a large metal plate. The Circuit Court affirmed the Board's findings and award, and the employer (appellant) contends that there is no evidence to sustain the Board's findings

Of course, if there is evidence to support the Board's conclusion, it is axiomatic that the award must be sustained. The injury (cuts and bruises) occurred on September 24, 1959, was promptly reported and the injured man was treated by the company physician until October 6, 1959, when his wounds apparently were safely mended. He lost no time from work, but on March 31, 1960, he and several other men in his work gang were discharged for absenteeism. Blanton remained unemployed for eight weeks for which he drew Unemployment Compensation, then obtained work as a flagman with the Jefferson County Road Department.

When re-examined by the company physician in August, 1960, eleven months after the injury, Blanton was found to have little or no sense of feeling in the area of his injury. This physician concluded that Blanton had "a sort of self-induced hypnosis", a fixation in his subconscious mind which the physician considered was probably not a permanent disability. Blanton's own physician testified that although Blanton's wounds had healed he had not been able to fully straighten the injured arm and did not have as good a grip in his right hand as he had in his left.

It seems to us that the testimony of the physicians together with the testimony of Blanton himself was enough evidence of substance to sustain the findings of the Board that Blanton's disability originated in the injury. The suggestibility of Blanton, his loss of his job, his family responsibilities and other factors may have contributed to his neurosis, but the effect of all of these factors was precipitated or heightened by the injury itself. The Board cannot be required to be more precise in its conclusions than a psychiatrist or psychologist would probably be. Traumatic neurosis is compensable in Kentucky. Eastern Coal Corporation v. Thacker, Ky., 290 S.W.2d 468. See, also, Larson, Workmen's Compensation Law, Sec. 42.24. This type of situation is most troublesome because the line between neurosis and malingering is not always sharply defined.

The judgment is affirmed.