## HIGH SPLINT COAL COMPANY,
Appellant,

v.

## Ray JONES et al., Appellees.

Court of Appeals of Kentucky.

May 20, 1960.

As Modified on Denial of Rehearing
Sept. 23, 1960.

T. E. Mahan, Williamsburg, Smith & Shehan, Harlan, for appellant.

Doyle & Doyle, Harlan, for appellees.

STANLEY, Commissioner.

Ray Jones, a miner employed by the appellant, High Splint Coal Company, for nearly 14 years was injured when a large rock fell on his back. He was paid compensation for temporary disability for 24 weeks. Payments having been stopped, Jones made application for an adjustment and additional compensation. It was opposed by the company. The judgment confirmed the award of the Compensation Board based on total and permanent disability.

The injured workman was confined in the Harlan hospital for about 20 days, about half time in a body cast. He was later returned to the hospital for two weeks and then at the company's instance was sent to St. Joseph's Hospital in Louisville. He stayed there three days while being thoroughly examined by different psychiatrists and surgeons. His family physician, Dr. Philip J. Begley, of Harlan, treated Jones from the time of his injury. Later, during the course of the hearing on his claim for further or continued compensation, Dr. Irving A. Gail, of Lexington, a psychiatrist, evaluated his condition from an interview and observation. The referee's report contains a fair and detailed recitation of all the evidence, witness by witness. He found as facts that (1) as stipulated, the claimant on January 30, 1958, had received an injury arising out of and in the course of his employment; (2) he developed "anxiety neurosis" and there was a "proximate and causal connection between his injury and the subsequent neurosis"; and (3) the

·claimant is totally disabled as a result of his physical injury and subsequent condition and is entitled to stated total disability benefits. The opinion of the Board also shows a careful consideration of the evidence. As indicated above, the Board confirmed and adopted the report of its referee.

The company has vigorously opposed the claim, and a large record of· professional and lay evidence was submitted. All the professional testimony seems to recognize that the man has a neurotic and mental disorder. There is a difference of opinion between the doctors introduced by the employer and by the employee as to whether his condition is attributable to his physical injury. There is, however, the accepted fact that whereas before the rock fell on him, Jones had worked regularly and was a man strong in body and mind, now he manifests physical pain and disability and a radical difference in mental stability. He has continued to complain of suffering in his back, legs, heart and nerves and walks with a cane as a cripple. He has done no work since his injury. One of the things that has preyed on his mind most is the fact that the doctors have told him there was nothing wrong with him, yet he had been kept in a cast for eight weeks and in the hospital some six weeks and had been elsewhere treated by the doctors and continues disabled. He couldn't reconcile this.

There is abundant evidence that the man is chronically and extremely nervous, melancholy, morbid and irritable, which is a marked change from his previous condition. Dr. Begley testified: "His condition at the present time is chiefly a mental condition. His personality has changed markedly; he is apprehensive, scared; he is withdrawn; he is entirely a different person. I think the diagnosis at the present time is very obviously in a psychiatric form of anxiety neurosis." He further testified that according to the history of the case, "He has hallucinations and delusions, gets the idea that somebody is trying to cut his throat sometimes." Dr. Begley was of the opinion that the man is unable to work.

He and Dr. Gail, also, expressed the opinion that his condition is attributable to the accident to his spine.

While in the Louisville hospital, Jones was examined by four doctors. They testified that he was not cooperative or helpful. The man is illiterate and his life has been one of hard toil. Maybe he was just plumb scared by being in the big, city hospital and in the hands of strange, inquisitive and probing doctors.

The appellant questions the qualitative character of the evidence tending to sustain the finding of the Compensation Board. It seizes upon certain apparent inconsistencies in the claimant's testimony and some items of incompetent evidence which are of minor character. The appellant discounts the testimony of Dr. Begley and challenges the testimony of Dr. Gail and of the lay witnesses. It points to the predominant testimony of the doctors it introduced, which is to the effect that there is no causal connection between the traumatic injury and the claimant's present nervous and mental condition. The Compensation Board, after having weighed all the evidence, reached its conclusion of fact that there is such connection.

The appellant complains that Dr. Gail, a psychiatrist who examined the appellee for the purpose of testifying, was improperly allowed to give an opinion based in part on what he had learned through an interview with the appellee's wife. On direct examination Dr. Gail testified only as to the extent of the appellee's present disability, and was not questioned as to its cause, which is the crucial issue in the case. His opinion that the mental disability was caused by the traumatic injury having been introduced through cross-examination by the appellant's counsel, the appellant is not in a position to question its competency.

As pointed out in the recent case of State Highway Department v. Hopwood, Ky., 331 S.W.2d 900, our decisions are in accord with those of other courts that

workmen's compensation may properly be awarded when a claimant has suffered traumatic injury.and his disability has been increased or prolonged by neurosis or a mental disorder attributable to the industrial accident. The Hopwood case is distinguishable in that the board there found as a fact that there was no causal connection between the injury and the disability, whereas, in the present case the board found that there was such a connection. In each case the finding was supported by competent evidence and was therefore conclusive of the facts.

We are of opinion, therefore, that the judgment is correct in confirming the Compensation Board's award.

Judgment affirmed.