JUSTINO RIVERA CRUZ, Petitioner, *v.* INDUSTRIAL COMMISSION OF PUERTO RICO, Respondent.

No. CI-64-22.    Decided April 12, 1965.

*Darío Collazo Nuin* for petitioner. *Donald R. Dexter, Guillermo Méndez Muñoz,* and *Miguel A. Guzmán Soto* for the State Insurance Fund.

Division composed of Mr. Acting Chief Justice Pérez Pimentel, Mr. Justice Blanco Lugo, and Mr. Justice Ramírez Bages.

PER CURIAM: The evaluation made by the consulting psychiatrist Dr. Fernando Cabrera in relation to appellant Justino Rivera Cruz is that he presented a "chronic not differentiated schizophrenic reaction." This evaluation is preceded by the following conclusions: "At present this individual shows that he has an active and chronic psychotic process, with marked effective impoverishment, slowness in association of ideas and visually and audibly hallucinated with delirious ideas. I think that the picture presented by the patient is a manifestation of the schizophrenia he has been suffering for years and that at that time there was a remission of the secondary symptoms which permitted this patient to perform his work." Dr. Ernesto Alonso, who treated Rivera in the Hospital of Psychiatry, testified that he could not determine the cause which produced the condition in the worker, "that it is something from childhood when the individual is born and it may be aggravated by the environment," as a result of an emotional strain of any sort. He added that "it is not that it had any relation to the work, but if he has been sick from 1947–48, undoubtedly there has been some emotional trauma, something of a violent nature to his capacity to perceive." And, finally, Dr. Abel de Juan, based on the expert testimonies aforestated was of the opinion that it was the normal course of insanity and that he saw nothing that could have precipitated an exacerbation of claimant's condition.

The elements of proof to connect appellant's condition with the work he performed are scarce, vague, and inaccurate. Weighed in the most favorable light it establishes that Rivera was confined in the Hospital of Psychiatry in the year 1947 for approximately one year; that later he was confined in 1948 for another year, on both occasions on the same diagnosis of catatonic schizophrenic reaction. Again in February 1963 he was admitted in said institution, being discharged in November of the same year. The patient, who had worked

in the foundry for approximately 20 years, testified that "when he was in the shop he felt restless, his head seemed to spin and he noticed that he was absent minded and he went out the shop desperate to his home, *he does not know whether an accident occurred.*" A fellow-worker described the working conditions in the foundry, it is very hot and the temperatures are high, but specifically he said he had no knowledge of Rivera having suffered any accident. He further established that the worker's relations with the other fellow-workers were good and that he had no knowledge that any accident, discussion or quarrel had occurred.

■■ It is unquestionable that the schizophrenia developed in the appellant would be compensable, even accepting that its origin had no causal connection with the employment, if it had been shown that the working conditions in any manner whatsoever precipitated or propitiated the recurrence of the preexisting mental disorder. *Feliciano* v. *Industrial Commission,* 84 P.R.R. 188 (1961) contains an excellent discussion of a similar situation. In general, see, *Hayes* v. *Garvey Drilling Co.,* 360 P.2d 889 (Kan. 1961); *Carter* v. *General Motors Corp., Chevrolet G. & A. Div.,* 106 N.W.2d 105 (Mich. 1960); *High Splint Coal Company* v. *Jones,* 338 S.W.2d 208 (Ky. 1960); 5 Schneider, Workmen's Compensation, § 1411; 1 Larson, Workmen's Compensation Law, § 42.22. We have accepted a similar rule in relation to heart disease, *Fernández* v. *Industrial Commission,* 85 P.R.R. 284 (1962). However, we have canvassed the evidence before the Industrial Commission, and in truth, not even with the spirit of greatest liberality can we maintain that it was shown that appellant's present condition was in any manner connected with his employment. The mere fact that the work exposed him to high temperatures is not sufficient or related as a possible cause. Hence, *Gallart, Mgr.* v. *Industrial Commission,* 85 P.R.R. 591 (1962) is distinguishable.

The order entered by the Industrial Commission on October 26, 1964, will be affirmed.