## Bell Coal Co. v. Jackson

Oct. 3, 1944.

A. Joe Asher for appellant.

Golden & Lay for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The appellee, Obie Jackson, an employee of the Bell Coal Company, received severe burns in an explosion in the mine of the employer on September 22, 1942. He was in a hospital 26 days and was paid $220.70 for temporary total disability. On December 21, 1942, he filed with the Workmen's Compensation Board a claim for compensation in which he stated that he had suffered total permanent disability as a result of injuries sustained in the explosion. A referee of the board found that the claimant was disabled to the extent of 15 per cent. to the body as a whole, and awarded him compensation at the rate of $3 a week. The claimant moved for a full board review and for an increase of the award. The full board found that the claimant had suffered a 50 per cent. partial permanent disability, and awarded him compensation at the rate of $6 a week for 335 weeks from September 22, 1942, less the number of weeks for which he received compensation for temporary total disability. The circuit court affirmed the award, and the Bell Coal Company has appealed. It is insisted that the circuit court erred in not remanding the case to the Workmen's Compensation Board with instructions to have the appellee examined by a physician selected by the board, and that the board's award increasing the compensation allowed to appellee by the referee is not supported by substantial or competent evidence.

Two physicians examined the appellee at the request of appellant. One of them testified that in his opinion the appellee's disability does not exceed 5 per cent. to the body as a whole. The other physician introduced by the appellant was an eye, ear, nose, and throat specialist who examined appellee for the purpose of as-

certaining whether or not his hearing was defective. He stated that the tests made by him were unreliable because he believed appellee's answers to questions were untrue. He did not undertake to fix the degree of disability. A physician introduced by the appellee testified that he had suffered total permanent disability as a result of the accident. As usually happens, the medical testimony was in conflict. The estimates as to the extent of appellee's disability by the two medical witnesses who expressed opinions were so far apart that a resort to the procedure authorized by KRS 342.315 would have been fully justified. That statute provides that the board or any member thereof may, upon application of either party or upon its own motion, appoint a disinterested and duly qualified physician or surgeon to make any necessary medical examination of the employee and to testify in respect thereto. Here the case was submitted to the board without a motion by either party for the appointment of a disinterested physician to examine the claimant. The appellant saw fit to submit the case on the testimony of the two physicians selected by it, and its request in its petition for review in the circuit court that the case be remanded to the board with instructions that the board appoint a physician to examine the claimant came too late, since, as hereinafter determined, the board had before it substantial, competent evidence to support its finding.

Dr. J. G. Foley first examined the appellee about November 15, 1943, and found that he had suffered severe burns about his face, neck, arms, and back and had a keloid condition on his arms, breastbone, and back. His left arm was stiff as a result of a third degree burn at the elbow, and he was unable to move his head to the left or right more than one-third the normal distance. He testified that appellee was unable to perform manual labor and that he had suffered permanent total disability. The appellee testified that his arm and neck had been stiff since the accident, and that his body was unduly sensitive to heat and cold. He also claimed that his hearing had been impaired by the explosion. He was asked these questions and gave these answers:

"Q. What strength do you have now to do work as compared to what you did before you were burned? A. I don't near have the strength I did have before I was burned.

"Q. About how much would you say you lack? A. I would say half or more than that."

Dr. Robert L. Kelly, who examined appellee at the instance of appellant, testified that in his opinion appellee's disability did not exceed 5 per cent. The board had before it evidence as to the extent of appellee's injuries ranging from 5 per cent. permanent partial disability to total and permanent disability.

The opinions expressed by Dr. Foley are attacked in appellant's brief, but, under the Workmen's Compensation Act, the credibility of witnesses and the weight to be given the evidence are questions for determination by the fact finding body. Tierney Mining Co. v Myers, 280 Ky. 5, 132 S. W. 2d 312; Harvey Coal Corporation v. Pappas, 230 Ky. 108, 18 S. W. 2d 958, 73 A. L. R. 473. It is argued that Dr. Foley's testimony is without evidentiary value because the opinions expressed by him were based upon the history of the case given to him by appellee and upon an examination made long after the accident. A similar contention was made in Fordson Coal Co. v. Bledsoe, 236 Ky. 409, 33 S. W. 2d 302, 304, and the court said:

"The evidence of these doctors is based on the examination of the patient and their professional experience and learning. The statements are given as a diagnosis consisting of fact and opinion. They cannot be disregarded even though one may consider that the examination or inspection by the company's doctors afforded a more substantial basis for the diagnosis or opinion evidence given by them."

A careful review of the evidence discloses a conflict which presented to the Workmen's Compensation Board a disputed question of fact concerning the extent of disability. There is substantial, competent evidence reasonably tending to support the board's finding, and the judgment is affirmed.