## Bell Coal Co. v. Jackson et al.

Feb. 26, 1946.

674

A. Joe Asher and James Sampson for appellant.

Golden & Lay for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—
Affirming.

Obie Jackson received severe burns in a mine explosion while working in one of the Bell Coal Company's mines in 1942. He was finally awarded compensation on the basis of 50 per cent permanent disability. That award was affirmed by this Court in Bell Coal Co. v. Jackson, 298 Ky. 238, 182 S. W. 2d 775, in October, 1944. Subsequently, the Company filed a motion to reopen the case on the ground that, after the full Board had made its award and the appeal was pending in the Bell Circuit Court, it learned that Jackson was working on a full time basis and had been so employed since July, 1943; that it had learned of this employment by accident and had no way of acquiring knowledge of the fact that he was employed prior to his appeal to the circuit court; and that by his failure to advise the Company or the Board of his employment he had perpetrated a fraud on both parties. The motion to reopen the case was supported by an affidavit which set forth that Jackson was employed by the New Southland Coal Corporation from July, 1943 until April, 1944, and that he returned to work for that Company in August, 1944, and continued in its employ until November, 1944. His average daily wage while working for the New Southland Coal Corporation was $5, the approximate wage he had received while working for the appellant before he was injured. The Company's affidavit also set forth that Jackson worked for it 12 days during July, 1944, at an average daily wage of $9.27. The basis of the charge of fraud is that on the original hearing Jackson represented himself as being unable to work, being able to do only such light work as carrying coal and cutting kindling.

An examination of the opinion in the case of Bell Coal Company v. Jackson, supra, will show that medical

testimony concerning Jackson's disability ranged from 5 to 100 per cent, and that when he was asked about his strength he said he lacked about half or more of his original strength. Jackson's response to the motion to reopen the case set forth that he had applied to the appellant for work and was told that it had no suitable employment for him, and that he was unable to carry on his original occupation of gang work, but was able to do a lighter type of work in which he had been engaged.

Under KRS 342.125, the Board, upon its own motion, or upon the application of any interested party, may reopen a case upon a showing of change of conditions, mistake or fraud, and may increase or diminish compensation accordingly. See Edgemont Fuel Co. v. Patton, 256 Ky. 538, 76 S. W. 2d 284. The appellant earnestly insists that the Board abused the discretion given it under the statute just mentioned. On the other hand, Jackson insists that he was not found to be totally disabled, which fact alone would presuppose that he was able to do some type of work; that he applied to the appellant for suitable work and was told that no such work was available; and that he was unable to support his family upon the compensation awarded him. Everyone is aware of the great demand that was made for labor during the War period, and also the sharp increases in wages. There is no charge that Jackson's physical condition has changed other than the conclusion that by the fact that he has been working it must necessarily follow that such a change has come about. When the Board considered the motion to reopen the case it had before it the Company's affidavit in support of that motion and Jackson's response thereto. It knew also of the character of burns and injuries Jackson sustained when he was injured in the mine explosion. There is no provision of the Workmen's Compensation Act which requires an injured employee to report to either his former employer or the Board when he obtains new employment. On the other hand, if the former employer offers him suitable work and he refuses such employment the Board may deny him compensation. KRS 342.115. It strikes us that the tenor of the Act presupposes that an employee who sustains a partial permanent disability is expected to perform work suitable to his condition. It can not be said that if he is

fortunate enough to obtain employment at a greater wage than he was receiving before he was injured he has perpetrated a fraud upon either the Board or his former employer.

The views expressed herein are not inconsistent with the case of High v. Liberty Coal & Coke Co., 207 Ky. 197, 268 S. W. 1095, where an employee who sustained an injury to one of his fingers continued performing the same duties and whose earnings after the injury were about the same as before the accident. It was said in that case that the employee's injury would impair his future usefulness and occupational opportunities, and compensation was allowed him because his physical efficiency had been substantially impaired.

As heretofore indicated, we are not of the opinion that the Board abused its discretion in refusing to reopen Jackson's case.

Wherefore, the judgment is affirmed.