## Three Point Coal Corporation v. Moser et al.

June 11, 1946.

H. C. Gillis and Robert L. Smith for appellant.

Doyle & Doyle for appellees.

OPINION OF THE COURT BY JUDGE DAWSON—Affirming.

On August 13, 1941, Roy Moser, while employed by the appellant, and during the course of such employment, sustained an injury to his right side which was in the nature of a rupture, or hernia. He was awarded 50% permanent disability and that award was affirmed by this court in Three Point Coal Co. v. Moser et al., 298 Ky. 868, 184 S. W. 2d 242.

Within the compensation period appellant filed its motion before the Workmen's Compensation Board to reopen the claim on the ground that the award had been made under a mistake of fact and further that the appellee was not under any disability resulting from an injury sustained while employed at the appellant's mine. In support of this motion there were filed three affidavits.

The affidavit of B. F. Gross, Secretary and Treasurer of the appellant, states that Moser never, at any time,

had an accident in appellant's mines which resulted in any serious injury.

The affidavit of Fount Roland, payroll clerk for the Crummies Creek Coal Company, says that on July 8, 1944, Moser applied to his company for employment and was directed to appear before a physician who examined men for the company as to physical fitness for work in the mines, and that according to his records Moser was examined by Dr. H. C. Burkhart, a physician and surgeon, and certified to the company as being physically fit for such employment; that on July 10, 1944, Moser began working for his company as a coal loader. (This was the same position Moser held with the appellant at the time of his injury.) This affidavit further shows that during the month of July Moser worked sixteen days of eight hours each, during which time he loaded 143 tons of coal, for which he received $131.32; that during the month of August Moser worked twenty days of eight hours each and loaded 220 tons of coal, for which he was paid $200.86; that during the month of September Moser worked fifteen days of eight hours each, loading 178 tons of coal, for which he received $167.20, and during the month of October the claimant worked eight days of eight hours each, loading 101 tons of coal, and was paid $90.67. The same affidavit further shows that Moser severed his employment with that company on the 13th day of October.

The affidavit of Dr. H. C. Burkhart shows that he is mine physician and surgeon for the Crummies Creek Coal Company and that he examined Moser on the 8th day of July, 1944, for the purpose of determining whether he was physically fit for employment at that company's mine. In brief, his affidavit shows that he found Moser to be in good physical condition for a man of his age, which was fifty-one; that his examination of the abdomen showed no physical abnormality of any kind; that he found no evidence, or symptoms, of a hernia, and that he certified to the Crummies Creek Coal Company that Moser was physically fit to be employed in its mines as a coal loader. This affidavit further shows that if Moser, prior to such examination, had sustained an injury which resulted in a hernia, it would have been easily discovered by the examination and that had such a condition existed he would not have certified Moser as being physically fit for the employment applied for.

The original award was made on March 21, 1944, and affirmed by this court in the opinion supra on December 12, 1944.

In the former opinion it is said that at the time the award was made it was shown that Moser worked for the appellant the greater part of the year following his injury and later for another mining company, doing the same type of mining work he was engaged in at the time of his injury. Notwithstanding this fact it was held that there was sufficient evidence to show that Moser sustained some injury which was compensable.

Appellee filed a response to the motion to re-open the case and in support thereof filed his affidavit which shows that Dr. Burkhart is the same Doctor Burkhart who testified for the appellant at the original hearing before the Board and that the facts stated in the physician's affidavit are substantially the same as those testified to by him on the first hearing. He admits that he worked for the Crummies Creek Coal Company, as set out in the motion to re-open, but says that during the period of this employment his brother and his nephew worked with him and did the heavy work which he was unable to do himself because of his injury. He says he found it necessary to work and earn money to pay a mortgage on his home and that when this had been accomplished he quit his employment because his physical condition did not permit him to continue to perform this type of manual labor. His affidavit further shows that Dr. Burkhart did not make a thorough examination of his physical condition at the time he applied to the Crummies Creek Coal Company for employment.

Under the provisions of KRS 342.125 the Board may, upon its own motion or upon the application of any interested party, re-open a case upon a showing of change of conditions, mistake, or fraud, and may increase or diminish compensation accordingly (Edgemont Fuel Co. v. Patton, 256 Ky. 538, 76 S. W. 2d 284), and it is insisted for appellant that the Board made a mistake in determining that Moser had a 50% permanent disability.

Reference is made to the former opinion of this court for a detailed statement of the facts in connection with the claim, it being sufficient to point out here that there was substantial testimony to the effect that al-

though Moser did not sustain the usual type of hernia, he had sustained an injury to his side which was in the nature of a hernia and which was compensable. The affidavit of Dr. Burkhart, filed with the motion to re-open is substantially akin to his testimony given at the hearing on the application, which testimony was considered by this court on the former appeal.

We are unable to say that the evidence as shown by the affidavits shows any substantial change of condition, mistake, or fraud. A case very similar to the case under consideration is that of Bell Coal Co. v. Jackson, 301 Ky. 673, 192 S. W. 2d 947, 948. There the court had under consideration an appeal from an order of the Board denying a motion to re-open the case. An examination of that opinion discloses that the claimant was not working at the time of the original hearing on his claim and had represented himself as being unable to work except for light work such as carrying coal and cutting kindling. Later on Jackson was employed by another coal company, earning a daily wage of at least as much, and sometimes more, than his average daily earnings while employed by the Bell Coal Company. Notwithstanding this fact this court affirmed the judgment of the lower court and refused to order the case re-opened, saying: "It strikes us that the tenor of the Act presupposes that an employee who sustains a partial permanent disability is expected to perform work suitable to his condition. It can not be said that if he is fortunate enough to obtain employment at a greater wage than he was receiving before he was injured he has perpetrated a fraud upon either the Board or his former employer."

In the case under consideration the claimant continued to work at the same mine at which he sustained the injury for the greater part of a year after the injury was sustained, and later on was employed in a similar capacity by another coal company. He was so employed at the time of the original hearing on the application for compensation. The fact that he was employed by a different coal company at the time the motion to re-open the case was made does not indicate any change of condition which would justify a re-opening of the case.

We have concluded that the judgment of the circuit court in sustaining the order of the Board refusing to re-open the case is correct and it is accordingly affirmed.