## United States Coal & Coke Co. v. Lloyd et al.

June 10, 1947.

James S. Forester, Judge.

Sampson & Sampson, James Sampson and Bullitt & Middleton for appellant.

George R. Pope for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

This appeal is from a judgment awarding Henry Lloyd compensation for total disability because of an injury which he sustained to his back in the appellant's mine in October, 1943. We are asked to reverse the judgment because (1) the Compensation Board erred in refusing to allow the Company to take additional proof; (2) Lloyd should have been required to submit to a corrective operation; and (3) the award is not supported by substantial evidence.

Lloyd received his injury while he was placing a cross collar, or bar, in the mine. After the injury he went to the office and reported to the foreman. He was sent to the Company doctor, who diagnosed the injury as a strained back muscle and told Lloyd he could return to work the next day, which he did. He complained of considerable pain and went home and went to bed. He was bedridden for about two months. It appears that he attempted to work at the mine again and later attempted other work in the community. Between the time of the injury and the filing of his claim with the Compensation Board in April, 1944, Lloyd underwent several medical examinations. The referee who heard the case found that Lloyd had sustained total and permanent disability, and that a corrective operation would

be attended with more than ordinary hazard and would not be required. While the case was before the full Board the Company moved for permission to take additional proof and several affidavits were filed in support of that mtoion. In brief, these affidavits showed that Lloyd was able to work and that he was a malingerer. The full Board approved the opinion of the referee and overruled the motion to take additional proof.

The additional proof sought to be introduced was that of lay witnesses, some of whom a representative of the Company said could not be located until after the hearing before the referee. As indicated, the proffered affidavits showed that Lloyd had always been a complainer and a poor worker and was faking the seriousness of his injury. The Board gave full consideration to the affidavits submitted by the Company and we are not prepared to say that it acted in an arbitrary manner in its refusal to permit the Company to offer additional evidence. Searcy v. Three Point Coal Co., 280 Ky. 683, 134 S. W. 2d 228. Neither do we think that the evidence offered met the requirements as to the sufficiency of newly discovered evidence because it was of a cumulative nature. A witness testified before the referee that Lloyd was a poor worker and a complainer, and another said he had contracted to paint a store, but that he did not know whether the actual work was done by Lloyd or someone else, though Lloyd was paid for the job. Furthermore, on the cross-examination of Lloyd's witnesses, both medical and lay, the Company was able to bring out the fact that Lloyd was a malingerer. The avenue of having the case reopened is always available to the Company if it can show that Lloyd's condition has improved or that he has no disability. Bell Coal Company v. Jackson, 301 Ky. 673, 192 S. W. 2d 947.

We do not think error was committed in the failure to require Lloyd to submit to a corrective operation. Dr. Jelsma, a highly competent physician of Louisville, who testified for the Company, said Lloyd had a herniated disc and that he was unable to perform manual labor. He said, however, that it could be corrected, but the operation would be a major one and more serious than an operation for a hernia. We know of no case where an employee has been required to undergo a major

operation in an effort to correct an injury. Furthermore, it was said in the case of Kentucky-Jellico Coal Co. v. Lee, 289 Ky. 821, 158 S. W. 2d 385, that what is reasonable under the circumstances is not to be tested by the opinion expressed by any single doctor, no matter how eminent he may be.

We believe the contention that there is no substantial evidence to support the Board's award also to be without merit. Unquestionably, Lloyd sustained an injury while in the employ of the Company. True it is some of the witnesses said he was a malingerer and had worked at other jobs after he sustained his injury, but the medical testimony, without exception, showed he has a herniated disc which results in serious incapacity to perform manual labor.

Under the circumstances, we think the judgment should be and it is affirmed.