**MILLERS CREEK COAL COMPANY,**
**Appellant,**

v.

**Virgil RATLIFF et al., Appellee.**

Court of Appeals of Kentucky.

Feb. 12, 1960.

Baird & Hays, Pikeville, for appellant.

George Chad Perry, III, Paintsville, for appellee.

MOREMEN, Judge.

The appellee, Virgil Ratliff, was injured on June 27, 1956, while working for appellant company. He made application for benefits under the Workmen's Compensation Act, KRS 342.001 et seq. The full board found him to be totally disabled from the date of his accident and awarded compensation during the term of such continuing disability within the maximum amount permitted by the act. The appellant was also ordered to pay hospital, medical and surgical expenses with proper limitation. The circuit court upheld the award.

Appellant assigns as reasons for reversal that the finding of fact and conclusions of law made and reached by the board were not based upon evidence of probative value and were vague and uncertain. It insists also that the conclusion of the board was based upon the finding that appellant did not introduce evidence on its behalf.

After appellee received his injury he was treated by Dr. Archer at Paintsville, Ky. who, after a few weeks, entered him in a hospital for treatment where he remained for several weeks. Later he was advised to go back to work. He tried to work for two days but his injured back caused him such pain that it was necessary for him to stop working. Two or three weeks later he consulted Dr. Kearns Thompson of Lexington and after that was attended by Dr. A. S. Jones of Huntington, W. Va.

The depositions of Dr. Thompson and Dr. Jones were taken. Dr. Thompson testified that he found no evidence of injuries sufficient to cause appellant to be suffering from any disability at the time of his examination and was of the opinion that he could go back to work. Dr. Jones found severe injury to the spine and stated that unquestionably the condition was becoming progressively worse, that appellant should be hospitalized and that it was practically impossible for him to return to the mines and do any work. The two doctors and appellant were the only witnesses introduced, and the full board, in its opinion, found:

"Dr. Thompson's testimony that he suffers no disability is not corroborated by any other evidence. On the other hand, Dr. Jones' testimony that he is totally disabled is corroborated by the testimony of the plaintiff. This testimony was not contradicted by defendant. No question was raised that he was malingering. His answers to questions were straight forward, open and

frank. We think his testimony has real probative value and that when considered in conjunction with that of Dr. Jones it forces us to conclude that his disability is total and permanent."

We agree with the circuit court that the board's finding was based upon competent probative evidence and therefore should be supported.

In Eastern Coal Corporation v. Thacker, Ky., 290 S.W.2d 468, 470, we said:

"It is true the medical evidence was in conflict on this issue, but the Board is the trier of the facts in a case such as this and it must determine the credibility of the witnesses heard and the weight to be given their testimony, and where the testimony of witnesses is competent and sufficient in respect to probative value, an award based thereupon will not be disturbed, even though there be other evidence of a contradictory character. See Blue Diamond Coal Co. v. Neace, 303 Ky. 519, 198 S.W.2d 223; Bell Coal Co. v. Jackson, 298 Ky. 238, 182 S.W.2d 775."

We find no merit in appellant's contention that the board ignored the testimony of Dr. Thompson. It is true that the opinion of the board does state: "It would perhaps have been of some value to the board if defendant had introduced medical testimony of its own." But it does not follow from such a statement that the board ignored Dr. Thompson's testimony. The above quoted portion of the opinion shows that it was considered. But in any event, it is a matter of little importance as to which side offers a witness. The importance lies in the evidence given by that witness in order that the board or the court may reach a just conclusion. We think it did just that and the judgment is therefore affirmed.