**ROBERTSON & HARPER CONSTRUCTION COMPANY, Appellant,**

v.

**Ed ISAAC, Appellee.**

Court of Appeals of Kentucky.
March 17, 1961.

J. K. Wells, Paintsville, for appellant.

Marcus Mann, Benjamin Mann, Salyersville, for appellee.

WADDILL, Commissioner.

The appeal is from a judgment upholding an award of the Workmen's Compensation Board which granted appellee compensation benefits for total disability. There are three questions presented for determination: (1) Was there sufficient evidence to support the finding of the board that appellee's total disability was caused by the accident he sustained while working for appellant; (2) was the board justified in holding that appellee had not acted unreasonably in refusing to submit to a myelography which is a medical examination requiring an injection in the spine by use of a needle; and (3) was the board justified in deciding that appellee had not refused or neglected to follow certain medical advice and treatment which had been prescribed to reduce his disability?

█ Appellee testified that he sustained an injury to his back while loading concrete blocks for appellant. He stated that prior to his injury he had been able to discharge the arduous duties required in this type of work but after he sustained the injury to

his back he was incapacitated from performing manual labor and is unable to hold a job. The four physicians who examined appellee were of the opinion that his symptoms indicate he has a back strain and possibly a ruptured disc. The physicians were in agreement that only a myelogram would show with certainty whether or not he has a ruptured disc. However, two of the physicians stated unequivocally that appellee's injury has incapacitated him from performing manual labor. The finding of the board that appellee is totally disabled as a result of his injury is adequately supported by the evidence. Millers Creek Coal Company v. Ratliff, Ky., 332 S.W.2d 288; United Electric Coal Company v. Adams, Ky., 299 S.W.2d 246.

Appellant seeks to invoke the penalty provisions of KRS 342.035(2) against appellee on the ground that his refusal to submit to a myelography was unreasonable. The provision (KRS 342.035(2)) relied upon by appellant reads as follow:

"* * *. No compensation shall be payable for the death or disability of an employee if his death is caused, or if and insofar as his disability is aggravated, caused or continued, by an unreasonable failure to submit to or follow any competent surgical treatment or medical aid or advice."

In interpreting this statute in United Electric Coal Co. v. Adams, Ky., 299 S.W.2d 247, we said that:

"* * * an injured employee's refusal to submit to an operation is unreasonable if it appears the operation is of a simple character, not involving serious suffering or danger and will result in substantial physical improvement. But where there is a difference of expert opinion as to the danger or as to the result of such an operation, the injured employee's refusal to submit thereto is not unreasonable."

This rule has been substantially followed since the enactment of our Workmen's Compensation Act. Melcher v. Drummond

Mfg. Co. et al., 312 Ky. 588, 229 S.W.2d 52; Black Star Coal Co. v. Surgener, 297 Ky. 653, 181 S.W.2d 53; Kentucky-Jellico Coal Co. v. Lee, 289 Ky. 821, 158 S.W.2d 385. While the rule refers to an operation, we believe it would, by analogy, apply to a medical examination which required a myelography, the difference being that a myelography is designed only for purposes of diagnosis rather than the treatment of the injury. One of the physicians who examined appellee's injury and prescribed treatment was of the opinion that, while a myelography is an effective method of diagnosis, such a test causes some pain and might involve some danger to the patient if it is not properly administered or if the injected fluid is not skillfully withdrawn from the patient's spine. The physician related two instances where death apparently resulted from the incomplete removal of the injected fluid from the patient's spine. However, three other physicians were of the opinion that a myelography properly conducted involves no danger to the health of the patient and that the side-effects are negligible.

 From this résumé of the medical testimony it is uncertain as to whether a myelography can be conducted without endangering the patient's life or his health or causing him serious discomfort. Under the Workmen's Compensation Act the determination of factual issues is within the province of the compensation board. While we might have reached a conclusion different from the board, in the absence of fraud or mistake we must accept its finding that appellee has not acted unreasonably in refusing to undergo the test since there is medical evidence which will sustain it. Bartley v. Bartley, Blevins & Clarke Coal Co., Ky., 274 S.W.2d 48; Totz Coal Co. v. Creech, Ky., 245 S.W.2d 924.

Appellant contends further that appellee should be deprived of compensation benefits because he has refused and neglected to take certain prescribed exercises which his physicians believed would reduce the extent of his disability. Appellee has been repeatedly examined by several capable physicians, two of whom are orthopedic surgeons. He was hospitalized for approximately ten days and placed in traction. He has worn a prescribed brace.

The only reference to appellee's failure to follow the recommended "conservative treatment," which is medically designated as certain exercises, heat and therapy, was the following statement of one of the physicians:

> "He [appellee] took his ultrasonic treatment and his medication but I don't believe that he has followed the exercises as prescribed by Dr. Miller. It is really hard to do those things and most patients are prone to skip them."

In contradiction to this statement, appellee testified that he obeyed all directions and instructions of his physicians.

The board resolved the issue in favor of appellee and again we say that, under the record, we must accept the board's determination of this factual issue.

Judgment affirmed.