Murrel W. MARTIN, Appellant,

v.

PORCELAIN METALS CORPORATION et al., Appellees.

Court of Appeals of Kentucky.

June 22, 1962.

W. C. Edrington, Louisville, for appellant.

Marshall, Cochran, Heyburn & Wells, Gavin H. Cochran, Louisville, John B. Breckinridge, Atty. Gen., Frankfort, for appellees.

WILLIAMS, Judge.

The appellant's claim for compensation was denied by the Workmen's Compensation Board. From a judgment of the Jefferson Circuit Court affirming the order of the Board this appeal is prosecuted.

■ On July 11, 1957, while in the employ of appellee, appellant was helping another man push heavy crates on metal rollers across the plant floor. Just before noon, he says, he felt a sharp pain emanating from his right foot, and progressing all the way up to the groin. The appellant has a congenital deformity of club feet. During the noon hour he reported to the First Aid attendant, but an examination by the attendant, the personnel manager, and other individuals did not reveal any injury. Nonetheless, he was soon thereafter referred to the General Hospital and examined by Dr. Akins and Dr. Costigan.

Appellant did not offer any medical proof before the Workmen's Compensation Board until the time for producing evidence in chief had expired. By way of rebuttal he offered the deposition of Dr. Ehrman, which was objected to on the ground that it was psychiatric evidence and there was no psychiatric evidence to be rebutted. He also offered the deposition of Dr. Costigan, which was objected to on the ground that it was medical evidence which should have been offered in chief. The Workmen's Compensation Board permitted the deposition of each of the doctors to be filed.

Dr. Akins, who examined appellant on the day the injury is said to have occurred, and on two other occasions, testified that he found no evidence of recent trauma and no objective evidence of injury or disability. Dr. Shifflett testified that he conducted an X-ray examination of appellant at the request of Dr. Akins and his findings were negative with regard to the possibility of recent trauma.

■ The Workmen's Compensation Board found that appellant was disabled and that the disability was caused by a neurosis. In order to be compensable, a neurotic condition must be the natural and direct result of a traumatic injury. Eastern Coal Corporation v. Thacker, Ky., 290 S.W.2d 468; High Splint Coal Company v. Jones, Ky., 338 S.W.2d 208; Mary Stone v. Arthur Hewitt Designs Company, Inc., Ky., 358 S.W.2d 513, decided June 15, 1962. The Board concluded that the appellant's neurotic condition was not the proximate result of a traumatic injury.

■ The Jefferson Circuit Court found that there was sufficient probative evidence in the record to sustain the Board's findings of fact. We have often said that the Workmen's Compensation Board is a fact-finding body, and if there is any substantial evidence to support its finding of fact it will not be disturbed. Elk Horn Coal Corporation v. Isaac, Ky., 284 S.W.2d 88. The testimony of Drs. Ehrman and Costigan was indicative that the neurotic condition experienced by appellant could have resulted from an injury suffered by him on July 11, 1957. On the other hand, there was positive evidence by Drs. Akins and Shifflett that appellant had not suffered a recent injury, and to strengthen that testimony Dr. Costigan conceded that his conclusion of an injury was based primarily on subjective findings related to him by appellant. It was further shown that appellant's congenital deformity, heightened by an unsuccessful operation performed on his feet many years ago, would probably cause pain and difficulty.

The function of this Court and of the circuit court concerning the facts is to

review the record and determine whether or not the Board's finding is supported by substantial evidence. Here there was substantial evidence to support the finding of the Board.

Judgment affirmed.