Marvin Earl BENNETT, Appellant,

v.

PEABODY COAL COMPANY et al., Appellees.

Court of Appeals of Kentucky.

Feb. 7, 1964.

Laurence T. Gordon (Franklin & Gordon), Madisonville, for appellant.

James M. Graves, Louisville, for appellee.

MILLIKEN, Chief Justice.

This is an appeal from a judgment affirming the refusal of the Workmen's Compensation Board to grant the appellant compensation for a claimed disability.

Appellant had been employed as a coal miner by appellee for over thirty-five years when he was trapped for a period of 41½ hours by a mine cave-in on May 29, 1959. It is admitted that he suffered no physical injury during the cave-in and his resulting entrapment. In fact, he worked for ten months thereafter. However, over a year later, on July 14, 1960, he sought disability benefits for claustrophobia, a neurotic condition, high blood pressure and inability to control his kidneys, all of which he attributed to the shock of the entrapment.

The Board based its determination on KRS 342.005 which requires that a personal injury be "traumatic" to be compensable. Appellant argues that this requirement has been abrogated by our holding in Grimes v. Goodlett and Adams, Ky., 345 S.W.2d 47, involving death by exertion. In the instant case, appellant's claim is based solely on an alleged "mental or nervous condition resulting from his experience in being trapped." As recently as 1962 we stated: "In order to be compensable, a neurotic condition must be the natural and direct result of a traumatic injury." Martin v. Porcelain Metals Corporation, Ky., 358 S.W.2d 485, and cases cited. However, we are not faced with a clear-cut issue as to whether the appellant's claimed condition could be considered compensable from a legal standpoint as being the result of a "traumatic" injury, for the Board found that "this entire

record does not show that this plaintiff (appellant) sustained the injury alleged * *," and the Board was justified in so concluding. Since the Board's finding that appellant suffered no such injury and had evidence to support it, it will not be disturbed by this Court.

The judgment is affirmed.