**BETHLEHEM MINES CORPORATION,**
Appellant,

v.

**Harold HALL and Workmen's Compensation
Board of Kentucky, et al., Appellees.**

Court of Appeals of Kentucky.

April 24, 1964.

Rehearing Denied June 12, 1964.

1. Which one of the medical witnesses defined as "anything that would require general or regional anesthesia."

2. "No compensation shall be payable * * * if and in so far as his disability

Harry C. Campbell, Pikeville, for appellant.

Thurman L. Hibbitts, Pikeville, J. Keller Whitaker, Frankfort, for Workmen's Compensation Bd.

PALMORE, Judge.

■ Appellee, Harold Hall, is totally disabled by reason of a herniated disc. The consensus of opinion among the medical witnesses who examined him and are familiar with the case history is that the disability can be minimized by surgery and that the prospects of a successful result justify the operation. All agree that this type of surgery would be termed a "major operation" [1] but that the danger to life and limb from its proper and competent performance is relatively negligible. Appellee has declined to submit to it, and the only question here is whether his refusal is unreasonable and thus disentitles him to workmen's compensation by virtue of KRS 342.035(2).[2]

"One of the most delicate medico-legal problems in workmen's compensation law arises when the employer or his insurer attempts to discontinue compensation payments to the employee on the ground that the employee has refused to undergo a disc operation for the purpose of reducing his disability. * * * It can be said with reasonable assurance that courts will refuse to force an employee to submit to a disc operation, usually on the ground that such an operation is uncertain as to ultimate beneficial result; is in some degree dangerous to life and limb; and might involve extraordinary suffering. This is the majority rule in the case of any type of surgical operation where the same risks and uncertainties are involved." Bear, Intervertebral Disc Injuries in Workmen's

is * * * continued, by an unreasonable failure to submit to or follow any competent surgical treatment or medical aid or advice."

Compensation, 6 Vand.L.Rev. 883, 889, 890 (June, 1953). See also Larson, Workmen's Compensation, § 13.22.

In United States Coal & Coke Co. v. Lloyd, 305 Ky. 106, 203 S.W.2d 47 (1947), upholding the board's refusal to require the claimant to submit to the same type of operation, this court said, "We know of no case where an employee has been required to undergo a major operation in an effort to correct an injury." In a recent case, Robertson & Harper Construction Company v. Isaac, Ky., 344 S.W.2d 614 (1961), in which the employee would not submit to a myelography, it was held that there was enough uncertainty regarding the risk of pain or injury to sustain the board's finding in the employee's favor.[3]

■ The rule is that if there is a difference of expert opinion as to (a) the danger or (b) the result of an operation the employee's refusal to submit to it cannot be held unreasonable as a matter of law against a decision of the board which in effect has declined to find it so as a matter of fact. See Black Star Coal Co. v. Surgener, 297 Ky. 653, 181 S.W.2d 53 (1944); United Electric Coal Company v. Adams, Ky., 299 S.W.2d 246 (1957).

One of appellee's medical witnesses, Dr. G. E. Skaggs, said that he would not recommend surgery at present, "I feel like he should have conservative treatment. Let him wear a brace * * *. I think as as far as surgery fatality would be minimal, but the results, as to results not so good, probably range between forty (40) to fifty (50) per cent good results, and others do not get it."

Granted that Dr. Skaggs was not a specialist, yet the most favorable estimate made by any of the surgeons testifying for the employer placed the chances of complete success at 75%. Conceding further that texts and decisions of yesterday are constantly being outmoded and rendered inapplicable by the swift progress of medical science, still the process by which we must be brought up to date in a case of this kind is through the testimony of witnesses. One of the physicians having said that the operation is not advisable at present, we think there was room for difference of opinion as to whether appellee's persistence in refusing an operation was unreasonable. Hence it was within the province of the board to say, and we cannot disturb its finding.

We do not reach the question of whether the employer has made a sufficient offer to bear the expense of the recommended operation. Cf. Black Star Coal Co. v. Surgener, 297 Ky. 653, 181 S.W.2d 53 (1944).

The judgment is affirmed.

---

3. In the instant case Hall did submit to a myelography. Also, he had undergone a completely successful operation for the removal of another herniated disc in 1958, but was fearful of facing similar surgery again.