Jean **SAVAGE**, Appellant,

v.

**CLAUSSNER HOSIERY COMPANY et al.,**
Appellees.

Court of Appeals of Kentucky.

May 22, 1964.

Andrew J. Palmer, Paducah, for appellant.

Robert C. Manchester, Wheeler, Marshall & Manchester, Paducah, for appellees.

WILLIAMS, Judge.

This is an appeal from a judgment of the McCracken Circuit Court which sustained an order of the Workmen's Compensation Board. The Board found that the appellant Jean Savage contracted an occupational disease diagnosed as contact dermatitis, which arose out of and in the course of her employment. She was awarded temporary total disability benefits for a period beginning September 30, 1961, to and including March 24, 1962. Her refusal to accept another job in appellee's plant was found to be unjustified.

The appellant contracted contact dermatitis in the course of her employment with appellee due to her allergic sensitivity to the dye used in the hosiery which she was required to handle. The medical evidence was that she was totally disabled to perform any work in which the dye was used, but she was not disabled to perform work which did not require her to come in contact with the dye.

If the evidence upon which an order is based is relevant and substantial, the finding of the Board will not be disturbed. Deby Coal Co. v. Roark, Ky., 360 S.W.2d 511 (1962); Martin v. Porcelain Metals Corp., Ky., 358 S.W.2d 485 (1962). Here the facts found by the Board are substantially authenticated by the testimony.

Appellant argues she would have been required to accept the job which was offered but for the fact that at that time she was temporarily totally disabled. Consequently, she says, she was under no obligation to accept it.

KRS 342.115 provides that, if an injured employee refuses to accept suitable employment, he shall not be entitled to compensation during the period of such refusal unless the refusal was justified. In E. & L. Transport Co. v. Hayes, Ky., 341 S.W.2d 240, 84 A.L.R.2d 1102 (1960), we said a logical purpose of that statute would be to encourage injured workmen to accept employment rather than sit idle, contemplating their misfortune. We said further that statute is a kind of rehabilitation measure, and the provision therein for depriving an employee of compensation for refusal to work is nothing more than a form of coercive penalty. The effect of that opinion is that any person, regardless of whether he is totally, temporarily or partially disabled, is subject to the penalty provided in KRS 342.115 if he refuses suitable employment, unless his refusal is justified.

Appellant feels her refusal to accept an office job was justified because she would have had to handle index cards which had been in contact with the dyed stockings. Her doctor testified she could work any place on the employer's premises except where she came in contact with the dye.

There was no proof that a remote relationship between the index cards and the stockings could cause her harm. The Board felt her refusal to accept the office job was unjustified.

There being evidence of substance to sustain the finding of the Board, the judgment of the McCracken Circuit Court is affirmed.