### E. I. DuPONT DE NEMOURS & COMPANY, Appellant,

v.

### Clyde W. WHITSON, Appellee.

Court of Appeals of Kentucky.

Feb. 25, 1966.

Edgar A. Zingman, J. David Grissom, Wyatt, Grafton & Sloss, Louisville, for appellant.

James Levin, Hanish & Hanish, Louisville, for appellee.

WADDILL, Commissioner.

This is an appeal from a judgment upholding an order of the Workmen's Compensation Board which awarded appellee, Clyde Whitson, compensation benefits for total disability. KRS 342.095. The question for our determination is whether there is substantial evidence that will support the Board's finding that Whitson's present disability is due to his work-connected injury.

During December, 1961 while engaged in his employment with appellant, E. I. DuPont De Nemours & Company, Whitson was injured by an explosion which caused hard pellets to puncture his abdominal wall. After brief periods of hospitalization he returned to work in the latter part of January, 1962. Subsequently he ceased working. He was examined by several physicians who were unable to locate a physical cause for the severe pain which radiated from his abdominal region. He was referred by his personal physician to Dr. George Doyle, a psychiatrist, for an examination. Dr. Doyle testified that Whitson experiences pain caused by the process of focusing his emotions in the part of his body where he was injured. He stated that this is a psychological condition known as conversion reaction and that it has completely disabled Whitson. He further testified:

"Well, I feel that the incident [explosion] was the focus that triggered off the whole chain of difficulties he's experienced and certainly any kind of accident like this that can be harmful or is life threatening or is fearful in any way is often enough to trigger off this kind of reaction * * *."

Appellant contends that, while the quoted testimony supports the Board's finding that the explosion caused Whitson to sustain his disability, the remainder of Dr. Doyle's testimony so qualifies it as to render it of no probative value. This contention is predicated upon the fact that Dr. Doyle stated that his psychiatric diagnosis was based on the history given to him by Whitson. This fact does not render his testimony inadmissible. The same result was reached in Bell Coal Co. v. Jackson, 298 Ky. 238, 182 S.W.2d 775, where a similar contention was made.

Upon cross-examination Dr. Doyle conceded that it was possible the presence of an ulcer could have been an additional factor in causing Whitson's neurosis. There is no inconsistency between this possibility and his opinion that the December injury triggered Whitson's conversion reaction. He further stated that final disposition of Whitson's Workmen's Compensation claim might make him more susceptible to effective treatment. In Holland v. Childers Coal Co., Ky., 384 S.W.2d 293 we pointed out that:

"* * * if the mental illness is genuine the line of causation from the original injury to the existing disability is not broken by the fact that anxiety over compensation is a factor in it. * * *."

Under familiar rules of administrative procedure it was for the Board to decide whether Whitson sustained the burden of persuading it that his disability was caused by the explosion and abdominal injury. Savage v. Claussner Hosiery Co., Ky., 379 S.W.2d 473. Upon our review of the record we cannot say that the Board's finding is not adequately supported by the evidence.

The judgment is affirmed.