**COLLISTA COAL COMPANY, Inc.,**
**Appellant,**

v.

**Roy CASTLE et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 28, 1966.

Fred G. Francis, Howard, Francis & Howard, Prestonsburg, for appellant.

G. C. Perry, III, Paintsville, for appellees.

WADDILL, Commissioner.

Collista Coal Company appeals from a judgment of the Johnson Circuit Court setting aside an order of the Workmen's Compensation Board denying benefits for permanent total disability and reinstating a prior order of the board granting benefits for permanent total disability. The principal question presented for our determination is whether the board had the authority to change its prior order under the circumstances presented in this case. We answer this question in the negative.

Appellee, Roy Castle, sought compensation benefits for permanent total disability arising out of and in the course of his employment with the Collista Coal Company. After hearing evidence for both the appellant and the appellee, the board, by order, allowed the appellee until October 13, 1964, to present rebuttal evidence. Appellee offered no rebuttal evidence but filed a brief with the board on October 15, 1964, and served a copy on the appellant. On November 9, 1964, the board awarded the appellee compensation benefits for permanent total disability.

Thereafter appellant sought a reconsideration of this award alleging that it had not been notified by the board that the case had been submitted for decision. The board entered an order setting aside its award of November 9 on the ground that "the case had not been submitted" for decision (despite the existence of written findings of fact and an award of the full board in this record). Appellant then filed a brief and the board entered a new award on January 20, 1965, denying compensation for permanent disability. As previously stated, the circuit court set aside this award (January 20) and reinstated the former award (November 9).

In support of the contention that the board was authorized to change its first award, appellant relies on KRS 342.125 and 342.281. The former statute limits a review to change of condition, mistake or fraud; the latter statute limits review to errors appearing on the face of the award, order or decision.

Pursuant to authority in KRS 342.260 and in compliance with KRS 13.085 the board has promulgated rules of procedure which are binding on these parties. It is stated in Rule 5 of the Kentucky Administrative Regulations Service, Workmen's Compensation Board, that regular meetings of the board shall be held each Monday. Rule 15(a) provides that each case shall stand submitted at the first regular meeting

of the board following the expiration of the time allowed for the taking of all proof. By virtue of these rules the case was automatically submitted to the board for decision on October 19, 1964 (the first Monday after the expiration of the time allowed to take proof). No order of submission was necessary and no further notice of submission was required.

Under the provisions of Rule 14(a) appellee had 15 days after the case was submitted to file his brief and appellant had 15 days after the filing of appellee's brief to file its brief. Appellee's brief was filed four days before the date of submission. Therefore, the time for filing appellant's brief began to run when the case was submitted October 19, 1964. Since the board was authorized to decide the case on November 9, 1964, it was error for the board to reconsider the case and to change the original award. We conclude that the board was not authorized to grant a reconsideration for lack of an order of submission.

The remaining question is whether the finding of permanent total disability is supported by substantial evidence. Dr. F. M. Picklesimer testified that appellee has a contact allergy which causes his skin to become dry and to crack off when he is exposed to the fumes emitted by welding certain metal at appellant's place of business. He further stated that appellee would become disabled whenever he came into contact with these fumes. The operator of appellant's mine testified that appellee's duties required him to perform an average of about two hours a day of welding this metal. Under this testimony there is no doubt that the board could determine appellee sustained a compensable disability (Savage v. Claussner Hosiery Co., Ky., 379 S.W.2d 473) and, also that, notwithstanding expert testimony to the contrary, appellee cannot perform his duties at appellant's mine.

The judgment is affirmed.