The AMERICAN TOBACCO COM-
PANY, Appellant,

v.

David J. SALLEE et al., Appellees.

Court of Appeals of Kentucky.

May 5, 1967.

Rehearing Denied Oct. 27, 1967.

S. Lloyd Cardwell and John K. Gordinier, Stites, Peabody & Helm, Louisville, for appellant.

John E. Wise and Lee B. Russell, Louisville, for appellees.

CULLEN, Commissioner.

The American Tobacco Company appeals from a judgment affirming an order of the Workmen's Compensation Board awarding compensation for total permanent disability to appellee David J. Sallee, a former employe of the appellant's.

The appellant's first claim of error relates to a matter of procedure before the board. After the taking of proof had been completed the appellant employer filed a motion with the board that Sallee, who was disabled by reason of a herniated intervertebral disc, be compelled to submit to a corrective operation or be denied compensation for unreasonable refusal to submit to such an operation. After a time the board entered an order overruling this motion. Approximately three weeks later, without the parties' having filed briefs on the merits of the claim, the board issued an opinion and order determining the merits of the case and awarding compensation. The appellant maintains that this was done in violation of a long established, invariable custom and practice of the board to send notice to counsel of an order of submission fixing the date from which the time for filing briefs is to be measured.

The rules and regulations of the board, properly promulgated, provide for automatic submission of a case at the first regular meeting of the board following the expiration of time for taking proof. In Collista Coal Co. v. Castle, Ky., 407 S.W.2d 719, this Court held that in view of the rule no order or notice of submission was required in a case. The appellant seeks to escape that holding on the ground that it was not made to appear there, as it has been here, that the board's established custom and policy has been to make an order of submission and give notice thereof, and that in some instances the submission date fixed in an order has been different from (later than) the automatic date under the rule.

What was lost by the appellant by reason of its reliance upon the board's custom of giving notices of submissions was the opportunity to try by brief to persuade the board of the correctness of appellant's contentions as to the law and as to the interpretation of, and references and conclusions to be drawn from, the evidence. The points in issue on the merits of the case were the extent of disability and whether the disability was attributable to an accident arising out of and in the course of employment. (The question of whether Sallee should have been barred from compensation for refusal to submit to an operation was fully briefed and argued on motion, so appellant lost no opportunity to brief that question.)

Were the case a closer one on the two issues above mentioned we would be inclined to hold that the board committed prejudicial error in failing to give notice of an order of submission according to its established custom and practice. (There is in the record a certificate of the board's executive director that an order of submission "is customarily sent to counsel.") The right to be heard by counsel on the probative force of the evidence is an essential feature of a hearing. See Mayfield Gas Co. v. Public Service Commission, Ky., 259 S.W.2d 8. Basic fairness would suggest that if the board, regularly and consistently over a pe-

riod of at least two years, had ignored its automatic submission rule and had given notice of an order of submission, counsel with knowledge of the custom should have been entitled to expect notice. Certainly the courts should not condone an administrative operation under which the rule says one thing and the practice is something entirely different. It is our feeling, however, that there was no material prejudice in this case because the decision of the board on the two points in issue seems so eminently correct as to make it extremely unlikely that briefs could have persuaded the board to a different decision.

As concerns the issue of the extent of disability, the medical evidence was practically unanimous that Sallee is totally disabled from performing any type of *manual* labor, or any work requiring lifting, stooping or bending. When injured, Sallee was employed in a manual labor job. The appellant argues, however, that manual labor was not Sallee's usual occupation, and that he is not totally disabled from performing other kinds of work in which he has engaged.

■ Sallee is 30 years of age and has a high-school education. His first job was as a salesman of building materials. After that he worked briefly as an interior decorator. Then for five years he worked as an order clerk for a manufacturer. In that job he did some book and office work, and also on occasions did some commercial art work. However, at least half of his work involved manual labor. After his initial injury while working for the appellant he returned for a time to service in unskilled capacities for the appellant which did not require much physical exertion. Later he worked for a time as a clerk in a hotel, and then, briefly, as a bartender. We think the evidence clearly leads to the conclusion that Sallee is an unskilled workman who perhaps has capacity to perform other than manual labor jobs, but whose work experience has in a very substantial way involved manual labor, and whose future work opportunities would be predominantly in the manual labor field.

Accordingly, it is our opinion that the evidence amply supports the finding that Sallee is totally disabled for work in his usual occupation.

On the issue of whether the disability is attributable to an accident during employment or to some other cause the evidence was that Sallee sustained a back injury while moving some heavy tubs as a part of his job with the appellant. The doctor who examined him immediately thereafter testified:

"I felt that Mr. Sallee probably suffered a protruded intervertebral disc but that since it was still quite acute we should treat it as though it were a sprain or strain with a conservative program, and then if he didn't get the desired response to pursue it further particularly with hospitalization."

Later, while at home, Sallee twisted his back when he slipped on a waxed floor and almost fell. Subsequently, upon performance of a myelography, it was determined definitely that Sallee had a herniated disc.

■ The appellant rests its argument of failure of proof of causation on the fact that the doctors were unable to state with "medical certainty" that the slipped disc was the result of the employment accident rather than of the slipping incident at Sallee's home. However, it is our opinion that when the doctor's initial prognosis of a protruded disc is considered in connection with the subsequent confirmed existence of such an injury, and with the medical testimony that the type of accident sustained by Sallee on the job definitely could have caused such an injury, the proof of causation is more than adequate. ("Medical certainty" is not required; reasonable probability is enough. Grimes v. Goodlett and Adams, Ky., 345 S. W.2d 47.)

■ On the question of whether Sallee's refusal to submit to a corrective operation was unreasonable, so as to warrant denial of compensation, the evidence was that such an operation, although classed as a major one,

would involve negligible risk to life, and that the prospects of relief from pain as a result of the operation would be around 80 or 85 percent. The appellant contends that seriousness of risk and chances of success are the only two factors to be considered, and where, as here, it is undisputed that the risk is negligible and the chances of success high, a refusal to submit to operation is unreasonable.

Our most recent decision on this question (1964) is in Bethlehem Mines Corporation v. Hall, Ky., 379 S.W.2d 58. There, it is true, one doctor testified that the chances of successful results of a disc operation were only 40 to 50 percent, and the opinion (upholding the board's refusal to compel the employe to submit to the operation) was based on the existence of a difference of medical opinion evidence. However, reference was made to the fact that most courts, whatever the reason, have refused to force an employe to submit to a disc operation, and citation was made of prior decisions of this Court pointing out that in no case have we required an employe to submit to a "major" operation.

Although as argued by the appellant, progress has been and is being made in the fields of medicine and surgery, and in many areas the prospects of successful results are increasing, we are not yet ready to hold that a major operation, involving substantial pain, must be submitted to unless the prospects of unsuccessful results, as well as the risk to life or health, are minimal. The evidence here did not put the chances of failure in the minimal class.

The judgment is affirmed.

All concur.