**Carl E. HEFLEY, Appellant,**

**v.**

**E. I. duPONT de NEMOURS & COMPANY and Workmen's Compensation Board, Appellee.**

Court of Appeals of Kentucky.

Jan. 19, 1968.

Rehearing Denied March 15, 1968.

Wilton R. Long, Jr., Louisville, for appellant.

Edgar A. Zingman, Louisville, for appellee.

OSBORNE, Judge.

This is an appeal from an order of the Jefferson Circuit Court reversing an award of the Workmen's Compensation Board.

Carl E. Hefley, appellant herein, suffered an injury to the knee while employed by the appellee. He instituted a claim with the Workmen's Compensation Board for total disability. The appellee moved to require him to submit to surgery on the injured knee or to be barred from recovery under KRS 342.035(2), and tendered the cost of such surgery. The Board refused to require surgery and awarded the appellant total and permanent disability.

Medical evidence consists of the testimony of two doctors who treated the appellant. They both testified that he could not hold his former employment with his knee in its present condition and that the knee would not improve on its own but would get worse. They both testified that corrective surgery could be performed; that such corrective surgery was not particularly dangerous; and that corrective surgery would have a 95% chance of restoring appellant to a condition where he could work. This testimony was undisputed. The board found the above as a matter of fact. However, the board found as a matter of law that they could not order appellant to submit to major surgery, and awarded

 

compensation for total and permanent disability. The circuit court set aside the order of the board, and this appeal was taken.

The rule where there is no dispute in evidence is that a major operation does not have to be undergone "unless the prospects of unsuccessful results, as well as risk to life or health, are minimal," American Tobacco Co. v. Sallee, Ky., 419 S.W.2d 160. But if such prospects of failure are minimal and the danger to health is minimal then the operation must be undergone or all rights to compensation are forfeited under KRS 342.035(2). Here the undisputed testimony and the findings of the board are that the risk of failure was only 5% and that the danger to health and life was only that inherent in any surgery involving a general anesthetic. Therefore, the circuit court's determination that a refusal to undergo the surgery was unreasonable was proper.

The judgment is affirmed.

All concur.