**Vint T. VARNEY, Appellant,**

v.

**JOHNS CREEK ELKHORN COAL COR-
PORATION et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 8, 1968.

Rehearing Denied Feb. 14, 1969.

Ronald W. May, Pikeville, for appellant.

Howard, Francis & Howard, Prestons-burg, for Johns Creek Elkhorn Coal Corp.

Martin Glazer, Dept. of Labor, Thomas R. Emerson, Atty. for Special Fund, Dept. of Labor, Frankfort, for John W. Young.

CULLEN, Commissioner.

Vint Varney's claim for workmen's compensation for disability from silicosis was denied by the Workmen's Compensation Board on the finding of the board that Varney did not in fact have silicosis. In making that finding the board observed that five doctors who had examined Varney for the employer found no evidence of silicosis as opposed to the opinion of the claimant's one doctor that he did have silicosis. Varney appealed to the circuit court on the sole ground that the board exceeded its authority, abused its discretion, and violated its own rule in allowing the depositions of two of the five employer's doctors to be *filed* more than 10 days after submission of the case, and in allowing the employer to *take and file* the deposition of another of the five doctors after submission of the case. The circuit court entered judgment sustaining the board's action. Varney has appealed to this court from that judgment, asserting the same ground of error as in the circuit court.

Prior to the submission of the case to the board the employer caused Varney to be examined by four doctors, and their depositions to be *taken*, but only two of the

depositions were *filed* before the submission date of January 2, 1968. The Special Fund also had caused Varney to be examined, by another doctor, and he had submitted a report but his deposition had not been *taken* before the submission date.

On January 23, 1968, the employer moved that the order of submission be set aside and that the employer be permitted to *file* the depositions of the two doctors whose depositions had been taken but not filed before the submission, and to *take and file* the deposition of the doctor who had examined Varney on behalf of the Special Fund. In the motion the employer stated that due to inclement weather, sickness and other causes beyond the control of the employer it had been impossible to complete and file the two depositions that had been taken, and to take the deposition of the other doctor. Over Varney's objection the motion was granted and the employer was granted until February 20 to file the two depositions and take and file the other. That was done.

In Rule 15(b) of the Workmen's Compensation Board it is provided that no deposition will be considered unless it has been filed with the board within 10 days after submission of the case, "but upon motion and for good cause shown within said period the Board may grant an extension of time for such filing."

Clearly there was nothing *unfair* in the board's permitting to be made available to it the results of medical examinations which had been made of Varney prior to the date of submission of the case. The doctor's evaluations and opinions were ready for use except for being reduced to the form of testimony and filed. There was no reason for the board to be deprived of the benefit of those evaluations and opinions other than the fact that some delay was involved. A reasonable excuse for the delay was given so that factor may be considered nullified.

Varney argues, however, that under the board's own rules an extension of time for filing depositions cannot be granted unless motion for the extension is made within 10 days after submission, and that the law requires the board to observe its rules. We agree that the board should abide by its rules. See Collista Coal Co. v. Castle, Ky., 407 S.W.2d 719; American Tobacco Co. v. Sallee, Ky., 419 S.W.2d 160. But we do not consider the rule here in question to be so tight and unyielding as to leave the board no discretion to grant relief by way of additional time for appropriate cause. Our concept of the proper treatment of procedural rules as to time is evidenced by the provision of CR 6.02 which allows enlargement of time in most instances, for good cause shown, even if the motion is not made until after the expiration of the specified period.

We consider that the action of the board in the instant case was in an area in which discretion could enter, and that the action did not constitute an abuse or an unwarranted exercise of discretion. See KRS 342.285.

The judgment is affirmed.

All concur.