**GENNETT LUMBER COMPANY, Appellant,**

v.

**Estil SIZEMORE et al., Appellees.**

Court of Appeals of Kentucky.

May 23, 1969.

Richard D. Cooper, Reeves, Barret, Cooper & Ward, Hazard, for appellant.

Neville Smith, Manchester, for appellee.

WADDILL, Commissioner.

This appeal is from a judgment which upheld an order of the Workmen's Compensation Board overruling appellant's motion to require appellee to submit to surgery or forfeit future compensation benefits.

Appellee, Estil Sizemore, was injured November 12, 1965 while at work for the appellant, Gennett Lumber Company. Doctor E. S. Wilson, who treated appellee, described the injury as a fracture of the shaft of the left femur and stated that the fractured bone required intramedullary pinning. The pinning was done, using a pin described as a "kirschner nail."

Shortly after the accident appellant agreed to pay appellee compensation at the rate of $40.00 per week until terminated in accordance with the provisions of the Kentucky Workmen's Compensation Law. A written agreement was later approved by the Workmen's Compensation Board and became an award of the board. Appellee claims he is physically unable to work and is presently being paid under this award.

On March 19, 1968 appellant had appellee examined by Doctor Kearns Thompson for an evaluation of the disability that had resulted from the injury he had sustained on November 12, 1965. Subsequently Doctor Thompson reported that appellee should have minor surgery in order to remove the pin (or nail) that had been inserted in the femur shaft because it was now projecting about two inches into the soft tissue of the left buttock.

When appellee reneged on his promise to undergo an operation for the removal of the "kirschner nail," appellant filed a motion with the Workmen's Compensation Board seeking an order from the board to compel appellee to submit to surgery or to be barred from recovering further compensation from appellant. In support of the motion it filed the affidavit of Doctor Kearns Thompson which stated that: the "kirschner nail" should be removed because it was no longer needed and was causing

trouble; the operation to remove the "kirschner nail" would be performed under a local anesthetic and would carry no more risk than is inherent in surgery of this character; the proposed corrective surgery would be effective in restoring appellee to a working condition and that the risk to life or health was negligible. Appellee filed a response in which he stated that he was being treated by a reputable physician and had recently discussed the advisability of having the "kirschner nail" removed by an orthopedic surgeon. He stated further that his regular physician is on vacation but he will follow the advice of his own physician.

Appellant contends that the board erred in failing to compel appellee to submit to surgery because his disability is being aggravated due to his refusal to accept competent medical aid that has been offered by the appellant. The statute which appellant asserts that appellee has violated is KRS 342.035(2) and in pertinent part, reads:

"* * *. No compensation shall be payable for the death or disability of an employe if his death is caused, or if and in so far as his disability is aggravated, caused or continued, by an unreasonable failure to submit to or follow any competent surgical treatment or medical aid or advice."

We believe that appellee's refusal to submit to the proposed corrective operation offered by appellant was unreasonable. The medical evidence was uncontradicted. It established that corrective surgery was needed; that the operation would not endanger life or health; that the prospects were good for a successful result and would expedite appellee's chances to be able to work again. In these circumstances the board was required by the plain provision of KRS 342.035(2) to enter an order directing appellee to undergo the proposed surgery, and if appellee fails to comply therewith, the board should then enter an order terminating further compensation benefits to appellee. Cf. Hefley v. E. I. du Pont de

Nemours & Company, Ky., 424 S.W.2d 396; Commonwealth, Department of Highways v. Lindon, Ky., 380 S.W.2d 247. In the event that appellee submits to surgery, appellant will pay all medical and hospital costs for services rendered in appellee's behalf.

The judgment is reversed with directions to the circuit court to remand the case to the Workmen's Compensation Board for an order consistent with this opinion.

All concur.