**BETH–ELKHORN CORP., Appellant,**

v.

**Virgil EPLING et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 20, 1970.

Harry C. Campbell, Pikeville, for appellant.

Kelsey E. Friend, Pikeville, for appellees.

DAVIS, Commissioner.

At issue is whether the Workmen's Compensation Board erred in failing to require appellee Epling to submit to surgery looking toward alleviating his total disability caused by a herniated disc. KRS 342.035 (2). The circuit court upheld the Board's order denying the appellant's motion that Epling be required to submit to the surgery.

The employer's motion for an order requiring Epling to submit to surgery was not made until after the compensation claim had been submitted for decision. The Board's award and attendant opinion did not advert to the motion to require submission to surgery. The employer made timely motion for reconsideration because no ruling had been made on its motion to require submission to surgery. The Board then entered an order reciting in pertinent part:

" * * * it is ordered that the [petition for reconsideration] be and is sustained to the extent that the defendant's motion for plaintiff to submit to surgery be and is hereby overruled."

We need not consider Epling's contentions that the employer's motion was untimely or that it was defective by reason of employer's failure to proffer payment of the expense of the proposed surgery. See Black Star Coal Company v. Surgener, 297 Ky. 653, 181 S.W.2d 53. We approach the issue squarely on its merits.

KRS 342.035(2) provides, so far as pertinent to this case:

"No compensation shall be payable for the * * * disability of an employe * * * in so far as his disability is * * * continued, by an unreasonable failure to submit to or follow any competent surgical treatment or medical aid or advice."

Only one doctor testified concerning the prospects for successful surgery. He explained that he "strongly advised the operation," which he described as an "interlaminectomy of the intervertebral disc at the fourth and fifth segments of the lumbar spine; the inspection of the spinal canal within the lamanae at that level, and the removal of any lesion located at that level capable of irritating the fifth lumbar nerve root and producing radiculitis. In brief, this is an operation: first, on the bony structure of the spine; and, second, on the lesion which is presumed to exist inside the spinal canal at the level mentioned."

The doctor estimated that such surgery offered a 65% chance that Epling could return to work "with virtually the same efficiency as existed prior to his injury." He opined that there was substantially no chance that Epling's condition would be worsened by such surgery, and he forecast a 20% chance that Epling's condition would be somewhat improved, even if less than complete recovery was achieved.

The surgeon said that he had performed such procedure more than 2500 times without "losing" a patient. In fact, he said he knew of only two fatalities in medical records of such surgery. The operation is a "major" one, and "of some small danger as every operation is," the doctor said.

Appellant contends that the matter of whether Epling's refusal to submit to surgery was or was not "unreasonable" is a question of law, not of fact, since there was no medical testimony other than that already discussed. Generally, it is considered that "reasonableness" vel non is a question of fact. See Wallins Creek Collieries Company v. Hicks, 216 Ky. 262, 287 S.W. 713.

Four recent decisions of this court have treated the question now under consideration. In Gennett Lumber Company v. Sizemore, Ky., 441 S.W.2d 429 (1969), it was held that the employee was required to submit to surgery for removal of a pin ("kirschner nail") from his femur shaft. The required procedure was a "minor" operation, performable with a local anesthetic, involving negligible risk and offering substantially certain, complete recovery. The Board had declined to require the employee to submit to the surgery.

In Hefley v. E. I. duPont de Nemours & Company, Ky., 424 S.W.2d 396 (1968), the Board had declined to require the claimant to submit to surgery, but it was held that the Board's order was erroneous. The undisputed medical proof was that knee surgery presented a 95% chance of complete recovery, with little or no risk, although a general anesthetic was required.

American Tobacco Company v. Sallee, Ky., 419 S.W.2d 160 (1967), is more nearly comparable to the present case than were the two cases just mentioned. Sallee's disability emanated from a herniated disc; the medical proof was that the proposed surgery, although "major," would involve negligible risk to life and afford prospects of relief forecast as around 80 to 85%. Yet, the court refused to hold that Sallee's refusal to submit to the surgery was unreasonable, stating that:

"* * * we are not yet ready to hold that a major operation, involving substantial pain, must be submitted to unless the prospects of unsuccessful results, as well as the risk to life or health, are minimal." Id. 419 S.W.2d 163.

In the same vein, Bethlehem Mines Corporation v. Hall, Ky., 379 S.W.2d 58 (1964), declined to require the claimant to submit to corrective surgery for herniated disc. There the medical evidence was somewhat more conflicting than is so here; but the evidence here, even though presented through only one medical witness, does not establish that the prospects of unsuccessful results are "minimal." The Board was not required to accept as fact, nor to find as a matter of law, that Epling's refusal to submit to the surgery was unreasonable.

The judgment is affirmed.

All concur.